United States Court of Appeals,

Fifth Circuit.

No. 91–2532.

ROAD SPRINKLER FITTERS LOCAL UNION, a/k/a United Association of Journeymen, AFL–CIO, Plaintiff–Appellant,

v.

CONTINENTAL SPRINKLER COMPANY, et al., Defendants,

Universal Sprinkler Corporation, Defendant–Appellee.

July 28, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before WILLIAMS and WIENER, Circuit Judges, and LITTLE,[*] District Judge.

JERRE S. WILLIAMS, Circuit Judge:

The District Court for the Southern District of Texas granted summary judgment in favor of defendant-appellee Universal Sprinkler Corporation ("Universal") in a suit brought by plaintiff-appellant Road Sprinkler Fitters Local Union No. 669 ("Union"). This action against defendant Continental Sprinkler Company ("Continental") sought to enforce the substantive provisions of a collective bargaining agreement ("Agreement") between the Union and Continental and compel arbitration under that Agreement. The Union lost the arbitration against Continental. The district court ultimately granted Continental's unopposed motion to confirm the arbitration award in favor of Continental and dismissed all remaining counts against it. The Union now undertakes to enforce collective contract obligations against Universal on the ground that Universal is an alter ego of Continental. The court, in granting the summary judgment, denied alleged obligations on the part of Universal to the Union under the Agreement with Continental. The denial of this summary judgment is the basis of the appeal.

The summary judgment does not dispose of the entire case before the district court. The

[*]District Judge of the Western District of Louisiana, sitting by designation.

Trustees of the National Automatic Sprinkler Industry Pension, Welfare, and Educational Funds ("NASI Funds" or "Funds") sued Continental and Universal to recover delinquent contributions owed by Continental under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. The suit was originally filed in district court in Maryland and was transferred to the district court in Texas and consolidated. The claims by the Funds against Universal are still pending. The Funds ask for the same remedy as the claims of the Union, a decision that Universal and Continental are a single business, a single employer, or alter egos, and that Universal is liable for all contributions owed under the Agreement made by Continental. Also pending is a motion for summary judgment by Universal against the Funds on the same grounds as the successful summary judgment motion against the Union.

We conclude that we have no jurisdiction to hear this appeal of the summary judgment granted Universal against the Union because issues in the case remain pending and there is no Rule 54(b) certification by the district court.

## I. FACTS AND PRIOR PROCEEDINGS

Continental was formerly a fire sprinkler contractor headquartered in Houston, Texas, unionized and bound to successive collective bargaining agreements, including the Agreement at issue, between the National Fire Sprinkler Association ("NFSA") and Local 669. In September 1988, Continental faced financial problems and ceased operations. The ostensible reason for the sudden discontinuance of operation was an inability to obtain suitable bonding for its construction business. Without proper bonding, Continental could not compete for the larger, more profitable jobs. The Union alleged that Continental management officials then established a new nonunion business, Universal, to perform bargaining unit work at terms and conditions that violated the Agreement.

In November 1988, Universal commenced operations after purchasing Continental's assets, hiring the same upper-level management and some of the same supervisors, producing the same

sprinkler product, and continuing with similar jobs. Nonetheless, Universal did not purchase most of Continental's inventory or take over its facilities. Further, Universal's workforce differed substantially from Continental's workforce. Universal did not agree to assume Continental's obligations under the Agreement nor did it execute a collective bargaining agreement nor any agreement requiring contributions to the NASI Funds.

In December, 1988, the Union filed a grievance against Continental and Universal compelling arbitration and alleging violations of Article 3 of the Agreement. Specifically, the Union charged: (1) Continental and Universal were operating as a single and/or joint employer and the Agreement required the wage and fringe benefit provisions be applied to all work performed by Universal; (2) Universal was Continental's successor and, therefore, Continental violated its obligation to assure that Universal assume the Agreement; and (3) Continental used its "sale" or "transfer" to "evade" the terms of the Agreement. Continental and Universal allegedly refused to proceed to arbitration. Consequently, in January 1989, the Union filed a suit against Continental and Universal pursuant to 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The action sought to compel Continental to arbitrate its contractual disputes with the Union and sought a judgment that Continental and Universal were essentially alter egos under federal common law.

Continental ultimately agreed to be bound by the Agreement to which it was a signatory by virtue of its status as a contractor member of the NFSA, and submitted the Union grievance to binding arbitration pursuant to the grievance clause in the Agreement. Universal, however, answered the complaint, denied all liability, and declined to participate in the arbitration on the ground that it was not a signatory to nor bound by the Agreement. The arbitrator rendered his decision in October 1989 and resolved all three issues in favor of Continental. On April 11, 1990, the district court granted Continental's unopposed motion to confirm the arbitration award and dismissed all remaining counts against it.

On April 18, 1990, this action was consolidated with a suit filed by NASI Funds against Continental and Universal. The suit had been filed originally in the United States District Court for the District of Maryland in July 1989, approximately seven months after the Union filed in the Southern District of Texas.[1] It was transferred to the Southern District of Texas on joint motion of the parties.

On May 10, 1990, Universal filed a motion for summary judgment against the Union asserting res judicata and the collateral estoppel effect of both the arbitration decision and the order confirming that decision. On March 28, 1991, Universal also filed a summary judgment motion against NASI Funds claiming res judicata and collateral estoppel. Universal urged that the dismissals which the district court granted were tantamount to a judgment on the merits that Continental was not liable to either the Union or the Funds.[2] Consequently, if Continental, the signatory to the Agreement, was not liable under the Agreement, then Universal whose alleged liability was merely derivative of Continental's, could not be liable. If Continental was not the alter ego of Universal, then *ipso facto,* Universal could not be the alter ego of Continental.

In opposition, NASI Funds denied the applicability of res judicata and collateral estoppel. At a minimum, NASI Funds were not a party to the arbitration nor were they in privity with the Union. According to NASI Funds, regardless of the Union's diligence in pursuit of its asserted contractual violations, it could not represent adequately the interests of all of NASI Funds' participants. NASI relied upon the consistent holdings by Courts that the funds may pursue actions independent of the

---

[1]The NASI Funds complaint against Continental Sprinkler Company and Universal Sprinkler Corporation was brought pursuant to §§ 502(e)(2), 502(g)(2), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. §§ 1132(e)(2), 1132(g)(2), and 1145. The Funds sought the payment of certain delinquent contributions owed to them by Continental, and further sought a judgment that Universal and Continental as "a single integrated business enterprise, single employer and/or alter egos of one another," were jointly and severally liable for all contributions owed by Continental.

[2]The Funds had settled all claims against Continental, but the settlement terms did not affect the Funds' claims against Universal.

actions of any of its sponsoring unions and regardless of the outcome of any union-initiated litigation or grievance. *See, e.g., Moldovan v. Great Atlantic & Pacific Tea Co.,* 790 F.2d 894, 899–900 (3rd Cir.1986) (finding that employee benefit fund trustees are not collaterally estopped from relitigating the issues decided in the arbitration between the union and the employer), *cert. denied,* 485 U.S. 904, 108 S.Ct. 1074, 99 L.Ed.2d 233 (1988); *Board of Trustees, Container Mechanics Welfare/Pension Fund v. Universal Enterprises, Inc.,* 751 F.2d 1177, 1183 (11th Cir.1985) (concluding that an Administrative Law Judge's determination concerning alter ego did not preclude fund trustees from litigating a similar allegation in federal court).

On May 3, 1991, the district court granted summary judgment in favor of Universal as against the Union only. The court rejected Universal's res judicata theory but held that the doctrine of collateral estoppel applied to preclude the Union from pursuing in federal court the question of Universal's alter ego status with Continental. The district court found that the alter ego claim was arbitrable, and that the issues involved in a judicial determination of alter ego status had been presented to the arbitrator. The factors addressed in the "successorship" and "single employer" doctrines had been considered, and "the Union had [had] the opportunity to present all of the evidence that would be necessary for the Arbitrator to make findings on all theories."

In this appeal, the Union does not dispute that the arbitrator's decision fully disposed of the theories of successorship and single employer. It urges, however, that the arbitrator did not address the question of whether Universal and Continental were alter egos and, thus, the district court erred in granting summary judgment in favor of Universal. Universal's primary assertion on this appeal is that this Court lacks jurisdiction because it is an interlocutory appeal.

## II. JURISDICTION

As a threshold matter, we must determine whether this Court has jurisdiction to entertain the appeal. The NASI Funds case and the Union case have been consolidated. But a judgment has been

entered only against the Union. In an action that entails more than one claim for relief, a district court may direct the entry of a final judgment as to fewer than all of the claims or parties in a case "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). Rule 54(b) assigns to the district court the duty to weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Dickinson v. Petroleum Conversion Corp.,* 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950) (footnote omitted). The policy underlying both the finality rule and the requirement of Rule 54(b) certification is to prohibit "piecemeal" appeals except under certain limited circumstances. *See* Fed.R.Civ.P. 54(b) advisory committee note. *See also Trinity Broadcasting Corp. v. Eller,* 827 F.2d 673, 675 (10th Cir.1987) (per curiam), *cert. denied,* 487 U.S. 1223, 108 S.Ct. 2883, 101 L.Ed.2d 918 (1988). At issue in the instant case is whether, in this consolidated action, a judgment that does not dispose of the claims of one of the parties constitutes a final decision absent certification under Rule 54(b).

The issue before us is not novel. Other federal courts have confronted the finality of partial summary judgment orders in consolidated cases. A divergence of opinion exists among these courts as to the appealability of a judgment on one but not all of the actions. Some courts have held that a judgment in one portion of a consolidated action is final and appealable, even if other consolidated claims are still pending. Those holdings, however, usually speak in terms of lack of complete consolidation. *See General Contracting & Trading Co., LLC v. Interpole, Inc.,* 940 F.2d 20, 24 (1st Cir.1991) (stating that "[o]ur cases are consentient to the effect that, although two cases may be consolidated for purposes of convenience and judicial economy, they retain their separate identities"); *Kraft, Inc. v. Local Union 327, Teamsters, Chauffeurs, Helpers and Taxicab Drivers,* 683 F.2d 131, 133 (6th Cir.1982) (per curiam) (finding "that inasmuch as the consolidation of both actions below did not merge the suits into a single cause, it is beyond peradventure that the trial court's decision [to terminate one of the consolidated actions] is a final appealable order," not requiring Rule 54(b) certification); *In re Massachusetts Helicopter Airlines, Inc.,* 469 F.2d 439, 441–42 (1st Cir.1972)

(holding that consolidation for trial did not merge separate suits into a single action, and thus judgments rendered in each individual action are appealable as final judgments even without the requisite certification under Rule 54(b)).[3]

These cases generally base their rationales on *Johnson v. Manhattan Railway Co.,* 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933). In *Johnson,* the Supreme Court recognized that:

> [C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another. (footnote omitted.)

*Johnson,* however, predates the Federal Rules of Civil Procedure and did not involve any issue relating to the finality of a judgment as a predicate for appellate jurisdiction.

Other circuits have embraced a conclusive rule that a judgment in a consolidated action that does not dispose of all of the claims is not a final, appealable judgment. *See Trinity Broadcasting Corp. v. Eller,* 827 F.2d 673, 675 (10th Cir.1987) (per curiam), *cert. denied,* 487 U.S. 1223, 108 S.Ct. 2883, 101 L.Ed.2d 918 (1988); *Huene v. United States,* 743 F.2d 703, 705 (9th Cir.1984). These Courts recognize the desirability of providing litigants with "crystal clear" guidance concerning whether a judgment is final so as to avoid premature appeals with the consequent waste of time and resources as well as to preserve the opportunities to file timely notices of appeal due to a mistaken belief that a judgment is not final. *Huene,* 743 F.2d at 704. Further, the Courts stress that the district court is best suited to assess the consolidation's original purpose and the likelihood that an interim

---

[3]Although Courts cite *Massachusetts Helicopter* for the proposition that a Rule 54(b) determination is unnecessary for the immediate appeal of an order deciding only one of several consolidated cases, *see, e.g., Huene v. United States,* 743 F.2d 703, 704 (9th Cir.1984); *Kraft,* 683 F.2d at 133, that decision is not necessarily in conflict with the more recent cases. The consolidation in *Massachusetts Helicopter* was not for all purposes but only "for convenience of pre-trial and trial procedure." 469 F.2d at 441. The Court found that "the cases maintained their separate identities throughout the litigation," and separate judgments were issued in each of the five cases. *Id.*

appeal would frustrate that purpose.

This Court denies a rigid rule, and we inquire into the nature of and extent of consolidation intended by the court. *Ringwald v. Harris,* 675 F.2d 768 (5th Cir.1982), is our seminal case addressing the issue of the scope and effect of consolidation. In *Ringwald,* the plaintiff sued on a promissory note and then filed a separate suit to set aside certain conveyances allegedly made by the defendant to hinder, delay, and defraud the defendant's creditors, particularly the plaintiff. The two cases were "consolidated for all purposes, including trial." *Id.* at 769. Upon plaintiff's motion, the court entered summary judgment in favor of the plaintiff in one suit and partial summary judgment in favor of the plaintiff in the other in a single document entitled "Judgment."

We found that:

> While a consolidation may not in every respect merge separate actions into a single suit, we see no reason why a proper consolidation may not cause otherwise separate actions to thenceforth be treated as a single judicial unit for purposes of Rule 54(b) when the consolidation is clearly unlimited and the actions could originally have been brought as a single suit.

*Ringwald,* 675 F.2d at 771 (footnote omitted). Thus, since consolidation of causes that could have been filed as a single suit existed, and the consolidation was "clearly for all purposes," compliance with Rule 54(b) was necessary, "notwithstanding that the judgment or order in question dispose[d] of all the claims and parties in one of the original actions." *Id.* (footnote omitted). Because Rule 54(b) certification was lacking, we dismissed without prejudice for lack of jurisdiction.

A number of Courts have adopted *Ringwald*'s case-by-case methodology. *See Lewis Charters, Inc. v. Huckins Yacht Corp.,* 871 F.2d 1046, 1048–49 (11th Cir.1989) (following *Ringwald* and scrutinizing the extent and purpose of consolidation, but finding that in its case, the district court made it apparent that the suits were consolidated for limited purposes only, each retaining its separate identity, and concluding that the dismissal of the appellant's action was final and appealable absent

Rule 54(b) certification); *Bergman v. City of Atlantic City,* 860 F.2d 560, 565–66 (3rd Cir.1988) (citing *Ringwald*'s analysis and finding that "where two actions have been consolidated for discovery and trial or for all purposes ... an order concluding one of the consolidated cases should not be considered final and appealable"); *Sandwiches, Inc. v. Wendy's Int'l, Inc.,* 822 F.2d 707, 709–10 (7th Cir.1987) (stating that if the cases have not been fully consolidated, then a party may appeal on the ground "that all claims in a stand-alone suit have been disposed of"); *Ivanov–McPhee v. Washington Nat'l Ins. Co.,* 719 F.2d 927, 929–30 (7th Cir.1983) (following *Ringwald* and holding that "where consolidated cases could, without undue burden, have been brought as one action, where there is no clear evidence that they have in substance been consolidated only for limited purposes, and where there is no showing that the appellant's interests will be seriously undermined by dismissal of the appeal, the provisions of Rule 54(b) must be complied with, notwithstanding that the judgment in question disposes of all the claims and parties in one of the original actions"). *See also Kuehne & Nagel (AG & Co.) v. Geosource, Inc.,* 874 F.2d 283, 287 n. 1 (5th Cir.1989) (citing *Ringwald* for the proposition that "parties must satisfy Fed.R.Civ.P. 54(b) when appealing from a judgment adjudicating less than all claims of all parties in a consolidated action").

Finally, using a variation of the case-by-case analysis employed by *Ringwald,* one Court has held that if a judgment in a consolidated case does not dispose of all claims which have been consolidated, a strong presumption exists that the judgment is not appealable absent rule 54(b) certification. *See Hageman v. City Investing Co.,* 851 F.2d 69, 71 (2d Cir.1988). In *Hageman,* the Second Circuit found that only in "highly unusual cases," a term the Court left undefined, would this presumption be overcome and convince the Court to consider the merits of the appeal immediately. *Cf. Kamerman v. Steinberg,* 891 F.2d 424, 429–30 (2d Cir.1989) (finding highly unusual circumstances because the case on appeal was the only one of the consolidated cases presenting derivative claims in which the judgment on appeal had decided all such claims in favor of all the defendants and the district court clearly intended final judgment to be entered with respect to those claims).

In the case before us, Universal contends that the appeal from the summary judgment is premature, so this Court lacks appellate jurisdiction. Consequently, we are urged to dismiss the appeal and impose sanctions, double costs and attorneys' fees, for a frivolous appeal. Relying on *Ringwald,* Universal addresses the two probative factors: (1) the consolidated cases could have been filed as a single suit and (2) the consolidation is clearly for all purposes. First, Universal relies upon the sweep of the district court's order to show that consolidation of the two actions was clearly unlimited. The district court order states:

> These cases are consolidated into the senior civil action. The case subsumed [Funds] in the senior case [Union] by consolidation ceases to have an independent identity. The unified case will pend as Civil Action No. H–88–4414, *Road Sprinkler Fitters Local Union No. 669, U.A. AFL–CIO v. Continental Sprinkler Company and Universal Sprinkler Corporation.* Use only this style and number.

Second, Universal contends that the Union and the Funds relied upon identical legal theories. Both asked that Universal be compelled to make contributions to the NASI Funds, basing their claim upon the single employer or alter ego theory.[4] Universal further sets out a convincing comparison of the two complaints which clearly illustrates the striking similarity between the claims and the relief sought.[5]

---

[4]Universal's motion for consolidation was unopposed. It stated that since "[t]hese cases involve[d] common questions of law and fact," they were subject to consolidation pursuant to Fed.R.Civ.P. 42(a). Further, the motion addressed the broad discretion federal district courts possess under Rule 42(a) to consolidate causes pending in the same district, and asserted that such a consolidation would "avoid a duplication of judicial effort." The motion made no mention of any limitation on the consolidation.

[5]Universal directed the Court to the following language in the NASI Funds' complaint, language that was almost identical, word for word, with the language of the Union's complaint. The only differences are bracketed.

> Count II, § 13: [Count II, § 14] In or about November, 1988, Universal was established for the purpose of avoiding Continental's contractual obligations under the Agreement. Since Universal's establishment, Continental and Universal have been at all times material herein affiliated business enterprises with common ownership, common management, common business purpose, common facilities, common equipment and other assets, common employees, common jobs, common supervision, and common customers, and thus constitute a single integrated business enterprise, single employer, and/or alter egos of one another, [and Universal further is a successor and/or disguised continuance of Continental.]"

The Union argues that the appeal is appropriate and that *Ringwald* is inapposite—certification under Rule 54(b) is not necessary. According to the Union, *Ringwald* 's holding was expressly confined to cases clearly consolidated for all purposes that could have been filed as a single suit. Neither factor, it is claimed, exists in this case. There are two separate and distinct plaintiffs whose actions were filed by different parties in separate jurisdictions under distinct legal theories that could not have been brought as a single suit. Further, the cases were not clearly consolidated for all purposes—neither the consolidation nor any district court document defines the purposes of the consolidation.

Contrary to the Union's assertion, we find *Ringwald* clearly dispositive. We have applied *Ringwald* 's case-by-case approach, taking into account the nature of the consolidation and the relationship of the consolidated actions. We find it impossible to maintain, as the Union suggests, that the two actions remained essentially separate and did not merge into a single case. The district court declared: "The case subsumed [Funds] in the senior case [Union] by consolidation *ceases to have an independent identity.*" (emphasis added). There is no indication that the district court consolidated the cases only for limited purposes. Further, as evidenced by Universal's comparisons, the two actions could have been originally combined for filing as a single action. They both arose out of the single employer/alter ego issue and their theories of recovery are virtually identical.

---

According to Universal, following this language, both parties proclaimed in identical terms that "[b]y virtue of the relationships described above, Universal has been, at all material times, bound by the Agreement (Exhibit A)." Further, both stated, in almost identical terms, the following (the slight differences in the wording of the Union's complaint are shown in brackets):

> Under the terms of the Agreement, an employer is required to submit monthly reports and contributions to the NASI Funds [various fringe benefit funds] referred to in the Agreement (Exhibit A, Articles 19–23), and to be bound by the Declarations of Trust governing those Funds. Pursuant thereto, a delinquent employer is required to pay all contributions owed, together with liquidated damages and interest, on all delinquent contributions, as well as [and to pay] all attorneys' fees and costs incurred in collecting such delinquent amounts. Universal has failed in its obligations to make reports and contributions as required by the Agreement.

In sum, we find that the cases were consolidated in all respects into one case presenting the same issue as asserted by joint plaintiffs. Consequently, adhering to *Ringwald* 's teaching, we must dismiss for lack of jurisdiction. The final judgment rule and the propriety of certification under Rule 54(b) exist in part to ensure that a single set of factual and legal questions come before the Court of Appeals but once—and then only after all closely related issues have been resolved in the district court. Pending in the district court is a summary judgment motion by Universal against the NASI Funds on analogous grounds. An appeal by the Union at this time creates a substantial risk that the issues would return on a later appeal by NASI Funds or Universal. We are given no guidance as to whether the precise considerations which led to summary judgment against the Union will control the summary judgment motion against the Funds. Yet the two cases are not at all separate. They obviously involve closely related legal issues.

We find that a post-consolidation single judgment disposing of the parties and claims in one of the originally separate suits, but not in the other, is governed by the provisions in Rule 54(b). Of course, should it be desirable to appeal a judgment prior to the disposition of all claims, the parties always have an avenue open to seek Rule 54(b) certification.

Finally we deny Universal's request for sanctions for a frivolous appeal. Given the case-by-case analysis fostered under *Ringwald,* this appeal was not frivolous. The issue was a serious one open to valid contention. We find it improper to award double costs and attorneys' fees against a party who appeals.[6]

### III. CONCLUSION

---

[6]Universal cites *Coghlan v. Starkey,* 852 F.2d 806 (5th Cir.1988) (per curiam), for the proposition that in this Circuit little tolerance exists for unmerited appeals without articulable support in law. In *Coghlan,* we found that since the appellant failed to argue any case law, made hardly any attempt to distinguish precedent relied upon by the district court, and offered no independent legal analysis different from that decisively rejected by the court, sanctions were proper. 852 F.2d at 809. The appellant in this case and the strength of its contentions are readily distinguishable from the appellant's bare bones contentions in *Coghlan.*

The district court's summary judgment in favor of Universal resolved the claims involving only one of the two plaintiffs in this consolidated suit.  The summary judgment motion against the NASI Funds remains pending, and the judgment was not certified under Rule 54(b).  Because the district court's order does not constitute a final judgment, we lack appellate jurisdiction to review it.  We grant Universal's motion to dismiss the appeal without prejudice for lack of appellate jurisdiction.

APPEAL DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION. SANCTIONS FOR FRIVOLOUS APPEAL DENIED.