Michael D. BADER, Plaintiff–Appellee Cross–Appellant,

v.

ATLANTIC INTERNATIONAL, LTD., et al., Defendants,

M.M. Eymard and Company, Inc., Defendant–Appellant Cross–Appellee.

No. 92–3348.

United States Court of Appeals, Fifth Circuit.

March 15, 1993.

---

William B. Gibbens, III, Russell B. Ramsey, Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA, for defendant-appellant cross-appellee, M.M. Eymard and Co.

David B. Allen, Samanie, Barnes & Allen, Houma, LA, for Bader.

Before JOHNSON, SMITH, and EMILIO M. GARZA, Circuit Judges.

JOHNSON, Circuit Judge:

Michael Bader filed suit against M.M. Eymard and Company, Inc. ("M.M. Eymard"), Atlantic International, Limited ("Atlantic International"), and Rae Shipyard ("Rae Shipyard" or "Rae") for injuries he sustained while working on M.M. Eymard's jack-up barge, the L/B STELLA, in 1989. Rae filed a cross-claim against both of its co-defendants, and in turn, those co-defendants filed a cross-claims against Rae. Bader settled his claim against Rae Shipyard; however, he secured a jury trial against M.M. Eymard and Atlantic International. The jury found that M.M. Eymard was solely responsible for Bader's injuries. M.M. Eymard and Bader both appeal. Finding that this Court lacks appellate jurisdiction, we dismiss this appeal without prejudice.

### I. Facts and Procedural History

In 1989, M.M. Eymard owned a jack-up barge, the L/B STELLA, and Bader was the vessel's master. In July of that year, the L/B STELLA underwent structural modifications at Rae Shipyard. Rae supplied welders and M.M. Eymard provided the supervisor, Ross Eymard. Ross Eymard, employed by Atlantic International, was also M.M. Eymard's representative.

Based upon Ross Eymard's instructions, the welders constructed a ladder which equipped the L/B STELLA with an emergency exit from the engine room to the upper deck. On July 15, while the modifications to the vessel were on-going, Appellant Michael Bader attempted to use the newly-constructed ladder. When he reached the top of the ladder, the top rung became detached[1] and caused Bader to fall. As a result of that fall, Bader experienced serious back injuries.

Bader subsequently filed this lawsuit against M.M. Eymard, Atlantic International, and Rae Shipyard. Rae filed a cross-claim against M.M. Eymard and Atlantic International for indemnity. M.M. Eymard and Atlantic International likewise filed cross-claims against Rae. They claimed rights to indemnity and/or contribution from Rae. Prior to trial, Bader settled his claim against Rae Shipyard for $75,000; however, he proceeded to trial against M.M. Eymard and Atlantic International. At the close of the evidence, M.M. Eymard and Atlantic International moved for judgment as a matter of law against Bader and Rae. The court denied their motions, and the jury found that M.M. Eymard was solely liable for Bader's accident and injuries. Finding no culpability on the part of Atlantic International or Bader, the jury assessed Bader's damages at $390,969.45.

Before the district judge signed the judgment, both M.M. Eymard and Atlantic International renewed their motions for judgment against Rae and Bader and moved for a new trial.[2] However, after signing the judgment based upon the jury verdict, the court denied the defendants' motions. The court dismissed Bader's claims against Atlantic International and entered judgment for Bader against M.M. Eymard.[3] Bader and M.M. Eymard subsequently filed notices of appeal. Later, the court signed a judgment in favor of Bader against Rae.[4]

## II. Discussion

■ Prior to reviewing the merits of any case, this Court must be satisfied that it has subject matter and appellate jurisdiction. *In re England*, 975 F.2d 1168, 1171 (5th Cir.1992). Indeed, the Court must assess its jurisdiction *sua sponte*, if necessary. *Id.* (citing *In re Moody*, 849 F.2d 902, 904 (5th Cir.), *cert. denied*, 488 U.S. 967, 109 S.Ct. 493, 102 L.Ed.2d 530 (1988)).

■ In this case, both parties contend that this Court has appellate jurisdiction under 28 U.S.C. § 1291. That statute provides that "[t]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court." The Supreme Court has consistently interpreted section 1291 as prohibiting parties from appealing "until there has been 'a decision by the District Court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." ' "[5] *Firestone Tire and Rubber Co.*, 449 U.S. at 373, 101 S.Ct. at 673 (quoting *Coopers and Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945))). In a lawsuit

---

1. Unbeknownst to Bader, that rung had not been fully welded; it had only been tacked.

2. The Court is uncertain why Atlantic International moved for judgment because the jury completely absolved it of liability.

3. The court ordered that the $75,000 settlement which Bader had received from Rae Shipyard be credited towards the $390,969.45 verdict.

4. Rae apparently attempted to renege on the settlement agreement, so in response to Bader's motion, the court signed this judgment in Bader's favor.

5. The reasons behind the final-judgment requirement are three-fold. That requirement prevents, to some extent, piecemeal litigation. *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992). It also promotes judicial efficiency and emphasizes the deference which appellate courts owe to trial judges, *Firestone Tire and Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981), for district judges retain power to revise or even reverse interlocutory judgments. *See* Fed.R.Civ.P. 54(b).

which contains multiple claims and/or multiple parties, a final judgment exists only if it meets one of two conditions: The judgment must either adjudicate all claims, rights, and liabilities of all parties or the district court must expressly conclude that no just reason exists for delaying the entry of final judgment and must expressly order the entry of that judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[6] *Jetco Electronic Industries, Inc. v. Gardiner,* 473 F.2d 1228, 1231 (5th Cir.1973). Neither of the exceptions is met in this case.

There are multiple parties, multiple claims, and multiple judgments here. The district judge neither expressly determined that no just reason for the delay of final judgment existed nor directed that the judgments be deemed final as to any party. Absent those express statements, which are required by Rule 54(b), the judgments herein must adjudicate all of the claims and all of the rights and liabilities of all of the parties for this Court to have appellate jurisdiction. This, they do not do. The judgments dispose only of Bader's claims against the defendants. They do not even discuss the non-settling defendants' claims against Rae Shipyard or Rae's claim against the non-settling defendants. Both parties in this appeal contend that the district courts' denial of the non-settling defendants' motion for judgment *against* Rae Shipyard is tantamount to a judgment *for* Rae Shipyard. That is not so, for the *denial* of a motion for judgment as a matter of law filed by one party is not the equivalent of the *rendition* of judgment for the opposing party.[7] Consequently the judgments in this case are interlocutory,[8] and 28 U.S.C. § 1291 confers upon this Court no jurisdiction over such judgments.[9]

---

**6.** Rule 54b reads:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

FED.R.CIV.P. 54(b).

**7.** Even if that were the case—and it clearly is not—a decision denying M.M. Eymard and Atlantic International contribution and indemnity from Rae Shipyard does not, in any way, resolve Rae Shipyard's claim for indemnity against M.M. Eymard and Atlantic International.

**8.** Had the district court disposed of all of the claims, rights, and liabilities of all of the parties without combining the decrees into one judgment, this Court would have had jurisdiction under section 1291. *See Jetco Electronic Industries,* 473 F.2d at 1231; *see also* FED.R.APP.P.

4(a)(2), (4) (addressing the effect of premature notices of appeals); *Resolution Trust Corp. v. Northpark Joint Venture,* 958 F.2d 1313, 1316 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 963, 122 L.Ed.2d 120 (1993) (addressing appellate jurisdiction in cases of premature appeals).

**9.** There are exceptions to the final judgment requirement in section 1291; however, no such exception is applicable in this case. *See* 28 U.S.C. § 1292(a)-(b) (conferring upon courts of appeals jurisdiction over certain interlocutory judgments); *see also Firestone Tire and Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (explaining and applying the "collateral order" exception to the final judgment requirement); *Coopers and Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (developing the "collateral order" exception); *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (extending the "collateral order" exception to include certain judgments in immunity-defense cases); *Sherri A.D. v. Kirby,* 975 F.2d 193 (5th Cir.1992) (applying 28 U.S.C. § 1292(a)(1)); *Kulwicki v. Dawson,* 969 F.2d 1454 (3rd Cir.1992) (applying the immunity-defense exception); *Bodden v. Osgood,* 879 F.2d 184 (5th Cir.1989) (discussing 28 U.S.C. § 1292(a)(3)); *Warren v. Bergeron,* 831 F.2d 101 (5th Cir.1987) (examining 28 U.S.C. § 1292(a)(2)); *Hollywood Marine, Inc. v. M/V Artie James,* 755 F.2d 414 (5th Cir.1985) (analyzing 28 U.S.C. § 1292(a)(3)); *Kulwicki v. Dawson,* 969 F.2d 1454 (3rd Cir.1992) (applying the immunity-defense exception).

### III. Conclusion

Under the circumstances presented here, the Court does not have appellate jurisdiction and cannot review the merits of this case. We therefore dismiss this appeal without prejudice.