IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20727
_____

A. J. BERTULLI; JOE GRINDER; LARRY DOURIS;
JOAN SANDSTROME; MARK BLACKMORE, on behalf
of themselves and all others similarly
situated,

                                        Plaintiffs-Appellants,

                    versus

INDEPENDENT ASSOCIATION OF CONTINENTAL
PILOTS; CONTINENTAL AIRLINES INCORPORATED,

                                        Defendants-Appellees.

*********************************************************************

In The Matter Of:  CONTINENTAL AIRLINES
CORPORATION; In The Matter Of:  CONTINENTAL
AIRLINES INCORPORATED; In The Matter Of:
TEXAS INTERNATIONAL AIRLINES, INC.;
In The Matter Of:  TXIA HOLDING CORP.,

                                        Debtors.

------------------------------------------------

A. J. BERTULLI; JOE GRINDER; LARRY DOURIS;
JOAN SANDSTROME; MARK BLACKMORE, On behalf
of themselves and all others similarly
situated,

                                        Appellants,

                    versus

INDEPENDENT ASSOCIATION OF CONTINENTAL PILOTS,

                                        Appellee.
_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-1841)
_____

August 13, 1999

Before JOLLY and SMITH, Circuit Judges, and SARAH S. VANCE,[*] District Judge.

PER CURIAM:[**]

The appellants appeal two orders of the district court, one entered on February 10, 1998, and one entered July 2, 1998 (which modified the February 10 order). We conclude that we lack appellate jurisdiction.

The plaintiffs-appellants brought two actions. In one action, the appellants assert a cause of action against the Independent Association of Continental Pilots ("IACP") for breach of the duty of fair representation.[1] Continental Airlines, Inc., was joined as a necessary party to this action. In their second cause of action, the appellants argued that Continental Airlines, violated an order entered by the bankruptcy court in In re Continental Airlines Corp., Consolidated Case No. 83-04019-H2-5 (S.D. Tex. entered Nov. 19, 1985). IACP was joined as a necessary party to this action. The district court granted a motion made by the defendants to consolidate the two actions. In its order dated February 6, 1998, the district court consolidated the actions under one case

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Specifically, the appellants rely on the Railway Labor Act, 45 U.S.C. § 151, et seq., and the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411, et seq.

number, Civil Action No. H-97-1841.  The district court then--by two separate orders--dismissed the appellants' action relating to the bankruptcy order.  The appellants appeal from the orders that dismissed this part of the consolidated action.

After reviewing the record, reading the parties' briefs, and considering the arguments presented before the court, we conclude that the district court intended to consolidate the appellants' two causes of action for all purposes.  We reach this conclusion because the district court specifically granted the defendants' motion to consolidate "for all purposes" and because the district court's order of consolidation reflects no modification, condition or limitation.  The district court did not certify the orders now appealed from under Fed. R. Civ. P. 54(b).  Consequently, the order dismissing the appellants' action concerning the bankruptcy order is not a final appealable order.  See, e.g., Road Sprinkler Fitters Local Union v. Continental Sprinkler Co., 967 F.2d 145 (5th Cir. 1992).  The appeal is therefore

D I S M I S S E D.[2]

---

[2]In the light of the opinion, the appellee's motion to dismiss the appeal is MOOT.