IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-31051
Summary Calendar
_____

UNITED STATES OF AMERICA,        Plaintiff-Appellee,

versus

CHANEY L. PHILLIPS,          Defendant-Appellant.

consolidated with

IN RE: SUCCESSION OF STANLEY E. HORNSBY.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC Nos. 3:97CR00068-1 and 99-CV-91-B
_____
May 28, 2001

Before POLITZ, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Chaney Phillips appeals the June 29, 2000, denial of his motion to

quash/discharge the writ of garnishment issued by the district court. In a

garnishment proceeding in the criminal action, the Government sought execution of

a criminal judgment ordering Phillips to pay restitution under the Mandatory

Victims' Restitution Act, 18 U.S.C. § 3664. That garnishment proceeding was

_____
[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consolidated in June 1999 with In re Succession of Hornsby, in which the Government sought to void as fraudulent Phillips' transfer of his interest in the succession to his sons. The Government seeks to act under the authority of the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3008, in its attempts to execute the garnishment judgment and to void the succession transfer. Phillips contends that neither the FDCPA nor the MSVA authorizes the Government to act on behalf of a private entity in executing a criminal judgment ordering restitution.

We lack jurisdiction to entertain the merits of this appeal which presents an issue of first impression in this circuit, specifically, whether the postjudgment motion to discharge/quash a writ of garnishment is a final or otherwise appealable judgment. We cannot and do not resolve this issue because the underlying consolidation of the garnishment and succession proceedings defeats the finality requirement of 28 U.S.C. § 1291. The motion to consolidate the actions was granted without reasons and, it is presumed, for "all purposes."[1] When two separate actions are consolidated "'for all purposes,'" a postconsolidation single judgment or order that disposes of the claims in one of the originally separate suits, but not in the other, must comply with Fed. R. Civ. P. 54(b).[2] Rule 54(b) certification was not sought in the district court. We therefore must dismiss the appeal for lack of jurisdiction.

---

[1]Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co., 967 F.2d 145, 151 (5th Cir. 1992) (consolidation was "for all purposes" where no contrary indication was given by the district court).

[2]Ringwald v. Harris, 675 F.2d 768 (5th Cir. 1982).

APPEAL DISMISSED.