**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————————

No. 02-30109

(Summary Calendar)

————————————

PAULA GRIFFIN; ET AL

Plaintiffs

PAULA GRIFFIN; DAVID REYNAUD,

Plaintiffs-Appellants,

versus

JEFFERSON PARISH SCHOOL BOARD; RON CERUTTI;
MELISSA CAUDLE; SHARON SOFFORD, individually and in their
official capacities,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana
99-CV-1344-L

October 9, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Paula Griffin and David Reynaud brought this employment discrimination lawsuit, alleging first amendment and due process violations on the part of defendant School Board and its employees. Griffin and Reynaud now appeal the district court's grant of defendants' motion for summary judgment. We decline to address their claims because we find that we lack subject matter jurisdiction over this appeal.

This case began as a multi-party lawsuit, and we do not have all of the parties before us. Griffin and Reynaud originally filed their claims with a third plaintiff Joyce Harrell. The district court did not dismiss Harrell's due process claims. We must therefore examine whether we have jurisdiction absent a Rule 54(b) certification from the district court.

Rule 54(b) states that "[w]hen multiple parties are involved [in an action], the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." FED. R. CIV. P. 54(b).[1]

---

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]    Rule 54(b) states in full:
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order

In the present case, the district court has not issued a Rule 54(b) certification. Absent an express determination that the summary judgment ruling on the claims of Griffin and Reynaud was a final decision and that "there is no just reason for delay," we cannot exercise jurisdiction over this appeal. *See Briargrove Shopping Center Joint Venture v. Pilgram Enterprises, Inc.*, 170 F.3d 536, 538-39 (5th Cir. 1999); *Witherspoon v. White*, 111 F.3d 399, 401 (5th Cir. 1997); *Bader v. Atlantic International, Ltd.*, 986 F.2d 912, 914-15 (5th Cir. 1993) ("In a lawsuit which contains multiple claims and/or multiple parties, a final judgment exists only if it meets one of two conditions: The judgment must either adjudicate all claims, rights, and liabilities of all parties or the district court must expressly conclude that no just reason exists for delaying the entry of final judgment and must expressly order the entry of that judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure." ).

We dismiss the appeal without prejudice to give the parties an opportunity to request Rule 54(b) certification. *See Ringwald v. Harris*, 675 F.2d 768, 771 (5th Cir. 1982) (observing that dismissal for lack of Rule 54(b) certification was without prejudice); *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 152 (5th Cir. 1992) (same).

DISMISSED.

---

or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
FED. R. CIV. P. 54(b).