United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10843
Summary Calendar

BERNARDO LOPEZ-RODRIGUEZ; MARIA MAGDELANA RODRIGUEZ;
SUSIE RESENDEZ, Individually, as representative of
the estate of David Rodriguez, Sr., and as next friend of
David Rodriguez, Jr., and Don Leon Rodriguez, minor children,

Plaintiffs - Appellants,

versus

CITY OF LEVELLAND, TEXAS; ET AL.,

Defendants,

CITY OF LEVELLAND, TEXAS; TED HOLDER, Levelland Chief of
Police, Individually and In His Official Capacity; RICK
WOOTEN, Individually and In His Official Capacity; FRED
GONZALES, Individually and In His Official Capacity,

Defendants - Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(5:02-CV-73-C)
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants, the parents and spouse of David

Rodriguez, Sr. ("Rodriguez"), individually, as representative of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez's estate, and as next friend of Rodriguez's minor children (collectively, the "Plaintiffs") appeal the judgment entered pursuant to FED. R. CIV. P. 54(b) that granted summary judgment and dismissed the Plaintiffs' claims asserted against the City of Levelland, Texas, (the "City") under 42 U.S.C. § 1983 and the Texas Tort Claims Act. Rodriguez died after being shot by a City police officer during the pursuit of Rodriguez's vehicle.

1. Standard of Review

We review the grant of summary judgment de novo and consider the evidence and inferences to be drawn from the evidence in the light most favorable to the nonmovant. Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). Summary judgment is proper if the pleadings and discovery on file "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Id.; FED. R. CIV. P. 56(c).

2. 42 U.S.C. § 1983 Claims

A municipality may be held liable under 42 U.S.C. § 1983 only when an official policy or governmental custom causes the alleged deprivation or violation. Fraire v. City of Arlington, 957 F.2d 1268, 1277 (5th Cir. 1992). A custom or policy is shown by evidence of "a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread through the police force." Fraire, 957 F.2d at 1278.

2

The Plaintiffs did not produce evidence of a pattern or custom. See id. The two prior incidents cited by the Plaintiffs in which City police officers had shot at the tires of fleeing vehicles are distinguishable from the instant case and do not establish a pattern. The Plaintiffs did not show that a City custom or policy concerning the use of force in the pursuit of fleeing vehicles was affirmatively linked to the alleged constitutional violation and was the moving force behind it. Id. at 1281.

The Plaintiffs' reliance on Grandstaff v. City of Borger, 767 F.2d 161, 171 (5th Cir. 1985), is misplaced. We expressly limited Grandstaff "to the extraordinary facts of the case," declaring that our opinion "can be applied only to equally extreme factual situations." Snyder v. Trepagnier, 142 F.3d 791, 797-98 (5th Cir. 1998). We will not infer an unconstitutional custom or policy from a municipality's failure to discipline an officer for a single incident. See Fraire, 957 F.2d at 1278-79.

Neither did the Plaintiffs produce evidence to establish deliberate indifference on the part of the City with respect to the training of its officers. See City of Canton v. Harris, 489 U.S. 378, 388 (1989); McClendon v. City of Columbia, 258 F.3d 432, 442 (5th Cir. 2001), reinstated in pertinent part by 305 F.3d 314, 319 (5th Cir. 2002) (en banc), cert. denied, 537 U.S. 1232 (2003). The evidence does not show that the City was on notice that its training procedures were inadequate or that the City deliberately

3

chose not to provide adequate training. See McClendon, 258 F.3d at 442.

Evidence that a particular officer was unsatisfactorily trained and proof that an injury could have been avoided if the officer had been better trained is not sufficient to place liability on a municipality. Snyder, 142 F.3d at 798. The Plaintiffs did not provide evidence of a pattern of similar incidents in which citizens were injured by the pursuit tactics of City police. See id. Neither did the Plaintiffs provide evidence that the City's alleged inadequate training procedures caused Rodriguez's death. See id. at 799. The Plaintiffs also failed to provide evidence to show that the need for training was "'so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [City] can reasonably be said to have been deliberately indifferent to the need.'" Id. at 798. As the Plaintiffs did not meet their evidentiary burden under FED. R. CIV. P. 56, the part of the district court's judgment dismissing their § 1983 claims against the City is AFFIRMED.

3. Texas Tort Claims Act Claims

Under the Texas Tort Claims Act ("TTCA"), a municipality may be held liable "for personal injury or death caused by a condition or use of tangible personal or real property under its control." Evans v. City of Marlin, 986 F.2d 104, 108 (5th Cir. 1993); TEX. CIV. PRAC. & REM. CODE § 101.021, § 101.0215 (Vernon 1997). The TTCA

4

does not apply to a claim that arises out of an intentional tort. TEX. CIV. PRAC. & REM. CODE § 101.057(2). Texas law does not allow a plaintiff to avoid the bar of governmental immunity by describing essentially intentional conduct as an act of negligence. See Hucker v. City of Beaumont, 144 F. Supp. 2d 696, 708 (E.D. Tex. 2001). Our review is de novo, and we apply substantive Texas law. Downey v. Denton County, 119 F.3d 381, 387 (5th Cir. 1997).

The Plaintiffs alleged that Police Officer Gonzales was negligent (1) in failing properly to aim his firearm at the tires of Rodriguez's vehicle, (2) in firing at Rodriguez when it was not safe to do so, and (3) in failing to ensure that there was proper space available to fire the gun. Officer Gonzales provided a sworn statement that the fatal gunshot was fired accidentally into Rodriguez's car window and that he and Officer Wooten did not intend to injure Rodriguez.

Under Texas law, there is no impediment to a proper characterization of negligence when the facts may show that officers in the course and scope of their duty improperly or negligently used tangible personal property and caused an injury or death. Hucker, 144 F. Supp. 2d at 708; see Texas Dep't of Mental Health and Mental Retardation v. Petty, 848 S.W.2d 680, 684-85 (Tex. 1992). When viewed in the light most favorable to the Plaintiffs, the evidence would be sufficient to establish a disputed issue of fact that precludes the grant of summary judgment on the TTCA claims alleged against the City. See FED. R. CIV.

5

P. 56(c); <u>Fraire</u>, 957 F.2d at 1273.  Accordingly, we vacate the district court's judgment to the extent that it dismissed the Plaintiffs' claims against the City under the TTCA and remand that part of the case to the district court for proceedings consistent with this opinion.

4. <u>Disqualification of Defense Counsel</u>

Finally, we do not consider the Plaintiffs' appeal of the district court's order that denied the motion to disqualify defense counsel.  <u>See</u> <u>Firestone Tire & Rubber Co. v. Risjord</u>, 449 U.S. 368, 379 (1981); <u>Bader v. Atlantic Int'l</u>, 986 F.2d 912, 914-15 (5th Cir. 1993).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.