United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20934

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,

Plaintiff-Appellee,

versus

RALPHAELL V. WILKINS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(4:99-CV-2822)

Before GARWOOD, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Ralphaell Wilkins challenges a bankruptcy-court judgment against him in a fraud action. Because Wilkins did not timely appeal the district court's decision dismissing his appeal from that judgment, we lack jurisdiction. **DISMISSED.**

I.

In 1993, Wilkins, a lawyer, became involved in a "sudden-stop collision" insurance fraud scheme with his office manager Rita Frillarte, whereby automobile accidents were staged to generate

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insurance claims.  In 1998, one of the insurers, State Farm, sued Wilkins and Frillarte in state court, asserting, *inter alia*, fraudulent misrepresentation and civil conspiracy due to their presentment of over 150 false or inflated claims.

Wilkins filed for bankruptcy in 1998; the bankruptcy court, however, modified the automatic stay to allow State Farm's state-court action to proceed.  In that action, Wilkins filed claims in 1999 against State Farm's lawyers; they removed the action to federal court.  In 2000, the district court referred the fraud and civil conspiracy claims to the bankruptcy court as an adversary matter under 28 U.S.C. § 157  (specifying the classes of claims that may be referred to bankruptcy court).

The bankruptcy court rendered a judgment in May 2004 against Wilkins, *as debtor*, and Frillarte.  It found them jointly and severally liable to State Farm for approximately $2 million in actual, and $1 million in punitive, damages and ruled Wilkins could *not* discharge the judgment in bankruptcy due to statutory prohibitions under 11 U.S.C. § 523(a)(2) (monies obtained by false pretenses) and (a)(6) (willful and malicious injury by debtor to another).

Wilkins and Frillarte moved for a new trial.  On 25 August 2004, the bankruptcy court denied the motion but modified the prior final judgment against Frillarte to a "proposed" judgment, in accordance with 28 U.S.C. § 157(c)(1) (bankruptcy court shall

submit proposed findings of fact and conclusions of law to the district court in instances where it lacks "core" jurisdiction), because it had "related to", and not "core", jurisdiction over Frillarte. The bankruptcy court did *not* revise the judgment as to Wilkins, which it considered a final judgment.

In September 2004, Wilkins filed a notice of appeal to contest the bankruptcy court's decision. That appeal was dismissed by the district court in December 2004 because Wilkins failed: to file an appellate brief within 15 days after entry of a judgment, as required under Federal Rule of Bankruptcy Procedure 8009(a)(1); and to designate a record on appeal, as required under Rule 8006. In February 2005, the district court denied Wilkins' motion to reconsider that decision. Wilkins did *not* appeal.

In March 2005, State Farm moved in district court to confirm the bankruptcy court's proposed findings and conclusions as to Frillarte. Wilkins and Frillarte jointly responded to the motion; and, on 24 August 2005, the district court adopted those findings and conclusions. On 14 November 2005, the district court granted Wilkins' motion to extend the time in which to appeal; Wilkins sought to appeal not only the district court's August 2005 decision as to Frillarte, but also the bankruptcy court's August 2004 decision as to him. Wilkins filed his notice of appeal on 21 November 2005.

II.

Jurisdictional issues are raised by both parties. Because Wilkins did not timely appeal the district court's dismissal of his appeal from the bankruptcy court's August 2004 judgment, we lack jurisdiction. (Wilkins also contends State Farm's claims fail because: they are barred by Texas' statute of limitations; and, even if they are not, State Farm knew the submitted claims were false, and therefore, he cannot be liable for fraudulent misrepresentations. Obviously, because we lack jurisdiction, we do not reach these merits contentions.)

The bankruptcy court issued a final judgment respecting Wilkins in August 2004, when it denied his new-trial motion. Under Bankruptcy Rule 8002(a), Wilkins had 10 days to appeal from the entry of that decision. Wilkins filed his notice of appeal on 2 September 2004; as discussed, that appeal was dismissed by the district court in December 2004. Wilkins' motion for reconsideration of the dismissal was denied on 25 February 2005.

Wilkins did *not* file a notice of appeal within 30 days contesting that dismissal, as required under Federal Rule of Appellate Procedure 4(a)(1)(A). Instead, he waited until 21 November 2005, almost nine months later.

A party's timely filing of a notice of appeal is "mandatory and jurisdictional". *E.g., **Smith v. Smith**, 145 F.3d 335, 339 (5th Cir. 1998); **Moody Nat'l Bank of Galveston v. GE Life and Annuity**

4

*Assur. Co.*, 383 F.3d 249, 250 (5th Cir. 2004) ("A timely filed notice of appeal is an absolute prerequisite to this court's jurisdiction."). Therefore, failure to adhere to this requirement strips us of jurisdiction. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988) (a court "lacks discretion to consider the merits of a case over which it is without jurisdiction") (internal citations and quotation marks omitted).

In maintaining we can consider the 2004 bankruptcy-court judgment, Wilkins presents two independent bases. Each fails.

## A.

First, Wilkins contends: the bankruptcy court lacked jurisdiction to issue a final judgment based on its August 2004 decision; because his case was a "non-core" proceeding under the Bankruptcy Code, the court should have entered only a "proposed" judgment under 28 U.S.C. § 157(c)(1); and, accordingly, the district court should have either treated the judgment as a proposed judgment or remanded the case to the bankruptcy court with instructions to change the judgment to a "proposed" one. As the bankruptcy court correctly noted, however, State Farm's claims against Wilkins are core proceedings under the Bankruptcy Code, specifically under 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate) and (b)(2)(I) (determinations as to the dischargeability of particular debts). Even though State Farm's claims arose under state law, "the

5

relevant inquiry is whether the nature of the adversary proceeding, rather than the state or federal basis for the claim, falls within the core of bankruptcy power". *In re Case*, 937 F.2d 1014, 1020 (5th Cir. 1991) (internal citations and quotations omitted). Here, the dispute clearly affects "the distribution of [Wilkins'] assets". *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 190 (5th Cir. 1990).

B.

In the alternative, Wilkins claims that, because this case involved multiple parties, disposition as to some of them does not result in a final judgment, absent certification under Bankruptcy Rule 7054. That Rule incorporates Federal Rule of Civil Procedure 54(b). *See In re Wood & Locker, Inc.*, 868 F.2d 139, 142-43 (5th Cir. 1989). Under Rule 54(b), an order is not appealable when it has disposed of fewer than all of the claims in a case, leaving other claims to be determined, absent a certification by the court that there is no just reason for delay in the entry of a final judgment for that portion of the case that has been finally adjudicated. *E.g., Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (1992); *Ellender v. Schweiker*, 781 F.2d 314, 318 (2d Cir. 1986). Therefore, Wilkins contends, the bankruptcy court's August 2004 judgment did not become final until August 2005, when the district court affirmed the bankruptcy

6

court's rulings as to Frillarte.  That decision, he claims, was timely appealed.

The bankruptcy court made clear in its August 2004 ruling that the decision was a final judgment for Wilkins.  Its opinion denying the motion for a new trial referred to the underlying May 2004 decision as a "Final Judgment".  In its order, the court stated it did *not* "in any manner, modify the Findings, Conclusions, Holdings and Judgment against ... Wilkins".  Indeed, there was nothing further for the bankruptcy court to do with respect to Wilkins but enter the judgment.  ***In re Bartee***, 212 F.3d 277, 282 (5th Cir. 2000) ("[A]n appealed bankruptcy order must constitute either a final determination of the rights of the parties to secure the relief they seek, or a final disposition of a discrete dispute within the larger bankruptcy case for the order to be considered final") (internal citations and quotation marks omitted)); ***Kelly v. Lee's Old Fashioned Hamburgers, Inc.,*** 908 F.2d  1218, 1220 (5th Cir. 1990) (en banc) ("If the language in the order appealed from, either independently or together with related portions of the record referred to in the order, reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54(b), nothing else is required to make the order appealable.")

Any dispute Wilkins had with that decision, including any under Bankruptcy Rule 7054, should have been raised in a properly filed appeal to the district court.  Indeed, recognizing that,

Wilkins *did* appeal to the district court after the August 2004 judgment, but it was dismissed.  Furthermore, his failure to timely appeal to this court following the district court's February 2005 denial of his motion for reconsideration of that dismissal was fatal to any possible claims he may have raised.

III.

Accordingly, the appeal is

*DISMISSED.*