# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10521
Summary Calendar

United States Court of Appeals
Fif h Circuit
**FILED**
December 29, 2016

Lyle W. Cayce
Clerk

MICHAEL WEASE,

      Plaintiff - Appellant

v.

OCWEN LOAN SERVICING, L.L.C.; WELLS FARGO BANK, N.A.,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-4107

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

This appeal relates to a lawsuit between a homeowner, Michael Wease, and his home equity loan servicer. Lacking jurisdiction, we DISMISS.

## BACKGROUND

Below, the district court issued an opinion granting summary judgment in favor of the loan servicer, Ocwen Loan Servicing, L.L.C. The district court's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

opinion rejected all of Wease's various claims and stated that Ocwen was entitled to prevail on its counterclaim for judicial foreclosure.

The district court promptly entered a separate "final judgment" relating to its summary judgment opinion, but the "final judgment" included no disposition for Ocwen's judicial foreclosure counterclaim.

Several months later, Ocwen filed a motion to modify the judgment so that the modified judgment would specifically address its counterclaim. Wease opposed Ocwen's motion.

The district court did not decide Ocwen's motion to modify the judgment before Wease filed his notice of appeal. The motion remains pending, and the district court has stayed the proceedings below pending resolution of this appeal.

## ANALYSIS

28 U.S.C. § 1291 provides this court with appellate jurisdiction over a district court's "final decisions." In this case, the fact that the district court's "final judgment" does not dispose of Ocwen's counterclaim means that no "final decision" appealable under Section 1291 presently exists.

"The Supreme Court has consistently interpreted [S]ection 1291 as prohibiting parties from appealing 'until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Bader v. Atl. Int'l, Ltd.*, 986 F.2d 912, 914 (5th Cir. 1993) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981) (internal quotations and citations omitted)). "In a lawsuit which contains multiple claims," as does this case, "a final judgment exists only if it meets one of two conditions: The judgment must either [1] adjudicate all claims, rights, and liabilities of all parties or [2] the district court must expressly conclude that no just reason exists for delaying the entry of final

No. 16-10521

judgment and must expressly order the entry of that judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure." *Id.* at 914–15.

The district court's "final judgment" neither adjudicates "all claims . . . of all parties," nor expressly styles itself as a partial final judgment pursuant to Rule 54(b). Accordingly, this Court has no appellate jurisdiction and cannot review the merits of the case. *Cf. id.* at 916.

## CONCLUSION

This court presently lacks jurisdiction over Wease's appeal due to the lack of a final disposition of Ocwen's counterclaim. Accordingly, we DISMISS WITHOUT PREJUDICE. Appellees' pending Motion to Remand for District Court to Modify Judgment is DENIED AS MOOT.