**Donald R. HUENE and Annette S. Huene, Plaintiffs-Appellants,**

v.

**UNITED STATES of America and Internal Revenue Service, Defendants-Appellees.**

No. 83–2183.

United States Court of Appeals, Ninth Circuit.

Submitted May 18, 1984.

Decided Sept. 25, 1984.

Donald R. Huene, Annette Huene, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Richard W. Perkins, Murray Horwitz, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before WRIGHT, HUG, and NELSON, Circuit Judges.

HUG, Circuit Judge:

Donald and Annette Huene appeal a summary judgment granted to the Internal Revenue Service on a claim brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Because the district court judgment disposes of only one of two consolidated cases, it is not appealable under 28 U.S.C. § 1291 absent a Rule 54(b) certification.

On May 26, 1982, the Huenes filed an FOIA action against the IRS. They sought release of all information pertaining to them acquired by the IRS up to the date of their administrative request on April 16, 1982. While that action was pending before the district court, the Huenes filed a

second FOIA action in which they sought release of information acquired by the IRS after April 16, 1982. The district court consolidated the two actions. It subsequently granted the IRS's motion for summary judgment in the first action. In the second action, each of the parties was granted a partial summary judgment. Issues not resolved by that partial judgment are still under consideration by the district court. No certification under Fed.R.Civ.P. 54(b) was obtained.

This court has not determined whether an order that disposes of only one of two or more consolidated cases constitutes a final judgment for purposes of appellate jurisdiction under 28 U.S.C. § 1291. Other circuits have developed two approaches to this question. The First Circuit considers each of the consolidated cases to be a separate action and thus a judgment disposing of all claims in one of the consolidated actions to be a final judgment, appealable without a Rule 54(b) certification. *See In re Massachusetts Helicopter Airlines, Inc.,* 469 F.2d 439, 442 (1st Cir.1972). *Accord Kraft, Inc. v. Local Union 327, Teamsters,* 683 F.2d 131, 133 (6th Cir.1982).

The rationale of these cases is that the consolidated actions do not lose their separate identity and thus a judgment disposing of one action is appealable without a 54(b) certification. This, in our view, is an overly mechanical approach. The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause. An appeal prior to the conclusion of the entire action could well frustrate the purpose for which the cases were originally consolidated. Not only could it complicate matters in the district court but it also could cause an unnecessary duplication of efforts in the appellate court. The Wright and Miller treatise comments on this point stating:

> Although it is usually said that consolidated actions do not lose their separate identity, a state court has reasoned very persuasively that they should be treated as a single action for purposes of Rule 54(b), and that a judgment in the consolidated cases that does not dispose of all claims and all parties is appealable only if certified as that rule requires. [The state court reasoned that]
>
>> If this were not so, an appellate court might be called upon to review piecemeal numerous cases which were in the principal aspects identical and during such period the various parties interested in the litigation would be subject to much confusion in attempting to comply with the requisite steps in appeal. It is, of course, conceivable that there would be exceptional circumstances which might influence the trial court to certify that there was no cause for delay in entering the final judgment and thus permit an appeal, but the propriety of such an arrangement can best be determined by the court which tried the case. *State ex rel. Pacific Intermountain Exp., Inc. v. District Court of Second Judicial Dist.,* Wyo.1963, 387 P.2d 550, 552.

9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2386 at 276 (1983).

Several courts have applied a more flexible test under which the appellate court considers the extent and purpose of the consolidation and the relationship of the consolidated actions. *See Ivanov-McPhee v. Washington National Insurance Co.,* 719 F.2d 927, 930 (7th Cir.1983); *Ringwald v. Harris,* 675 F.2d 768, 771 (5th Cir.1982); *Jones v. Den Norske Amerikalinje A/S,* 451 F.2d 985, 986–87 (3d Cir.1971). This has the disadvantage of leaving the finality of the judgment hazy and subject to varying interpretations. In our opinion, it is essential that the point at which a judgment is final be crystal clear because appellate rights depend upon it. The opportunity to appeal could be lost by a mistaken belief that the judgment is not final and a consequent failure to file timely a notice of appeal. On the other hand, uncertainty as to the finality of the judgment could lead to the premature filing of a notice of appeal with the consequent waste of time and resources. A second disadvantage of this approach is that the right to decide wheth-

er an appeal is appropriate is taken from the district court that made the original decision to consolidate. That court is best able to assess the original purpose of the consolidation and whether an interim appeal would frustrate that purpose.

In our view, the best approach is to permit the appeal only when there is a final judgment that resolves all of the consolidated actions unless a 54(b) certification is entered by the district court. This leaves the discretion with the court which is best able to evaluate the affect of an interim appeal on the parties and on the expeditious resolution of the entire action.

We therefore hold that where an order disposes of only one of two or more cases consolidated at the district court level, the order is not appealable under 28 U.S.C. § 1291 absent a Rule 54(b) certification. Should it be desirable to appeal an order or judgment prior to the disposition of all claims, the avenue is always open to the parties to seek a 54(b) certification.

In this case, the order resolved only one of the two consolidated cases and was not certified under Rule 54(b). Because the order does not constitute a final judgment, we lack appellate jurisdiction to review it.

The appeal is therefore DISMISSED.