892 F.2d 1049
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
COMMONWEALTH FILM PROCESSING, INC., Plaintiff-Appellant,
v.
COURTAULDS UNITED STATES, INC., Defendant-Appellee.
 No. 89-1674.
 United States Court of Appeals, Federal Circuit.
 Oct. 26, 1989.
 
 Before MARKEY, Chief Judge, and FRIEDMAN and BISSELL, Circuit Judges.
 FRIEDMAN, Circuit Judge.
 
 ORDER
 The following have been submitted:
 
 1
 (1) Commonwealth Film Processing, Inc.'s (Commonwealth) motion to expedite;
 
 
 2
 (2) Courtaulds United States, Inc.'s (Courtaulds) opposition;
 
 
 3
 (3) Courtaulds' motion to dismiss;
 
 
 4
 (4) Commonwealth's opposition;
 
 
 5
 (5) Courtaulds' motion for leave to file a reply.
 
 
 6
 (6) Courtaulds' motion to consolidate appeal nos. 89-1674 and 89-1690; and
 
 
 7
 (7) Commonwealth's opposition.
 
 
 8
 On March 31, 1987, Martin Processing, Inc. (Martin) filed a complaint in the United States District Court for the Western District of Virginia alleging that Commonwealth Film Processing, Inc. (Commonwealth), infringed Martin's film processing patents and converted Martin's trade secrets (patent action). On February 7, 1989, Commonwealth sought declaratory relief against Courtaulds, Martin's subsidiary, alleging that the patents and trade secrets at issue in the patent action had been licensed to Commonwealth (licensing action).
 
 
 9
 By order of June 2, 1989, the district court consolidated the patent action with the licensing action. On August 14, 1989, as amended on August 15, 1989, the district court dismissed the licensing action "with prejudice" while the patent action remained pending. Commonwealth appealed the dismissal order to the United States Court of Appeals for the Fourth Circuit, which transferred the action to this court pursuant to 28 U.S.C. § 1631 (1982).
 
 
 10
 Here, Courtaulds moves to dismiss Commonwealth's appeal as premature. In response, Commonwealth argues that the actions were consolidated for limited purposes only, that the patent action and the licensing action have separate identities, and that the district court's dismissal of the licensing case from the docket indicates its finality. In the alternative, Commonwealth argues that the dismissal order is appealable pursuant to the Cohen doctrine. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).
 
 
 11
 District courts are best able to assess the original purpose of consolidation. See Huene v. United States, 743 F.2d 703 (9th Cir.1984). Here, the district court specifically addressed this issue:
 
 
 12
 the order [dismissing the licensing action] addressed only one aspect of the litigation and did not dispose of the entire case. Consequently, the order is not a final order and would not be appealable at this time.*
 
 
 13
 We agree with the district court.
 
 
 14
 Finally, Commonwealth's appeal does not meet the criteria for appealability under the Cohen collateral order doctrine. See Gulfstream Aerospace Corp. v. Mayacamus Corp., 108 S.Ct. 1133, 1137 (1988) (order must be effectively unreviewable on appeal from final judgment).
 
 
 15
 Accordingly,
 
 IT IS ORDERED THAT:
 
 16
 (1) Courtaulds' motion to dismiss is granted.
 
 
 17
 (2) All remaining motions are moot.
 
 
 
 *
 Jurisdiction over the licensing case, if it has a separate identity, would lie in the 4th Circuit. However, the 4th Circuit did not retain jurisdiction, rather, it transferred the case to this court