Carl STECK and Irene Steck, guardians of Cindy Lu Heaton and Holly Dee Heaton, minor children, and Kenneth G. Broadhead and Kay H. Broadhead, et al., Plaintiffs and Appellants,

v.

AAGAIRE, a Utah co-partnership, and John Openshaw, Fred Veltri and Clint Perkins, its partners; The Estate and Personal Representative of Robert Clyde Foster, deceased; Skynights, a corporation or a partnership; James Diedericksen and Darrell Diedericksen, partners or agents of Skynights; Kennecott Corporation, and The Utah Farm Bureau Federation, Defendants and Appellees.

Kristen FOSTER, individually and as guardian ad litem; and Aagaire, a Utah general partnership, John Openshaw and Fred Veltri, general partners, Plaintiffs and Appellees,

v.

KENNECOTT CORPORATION, a Utah corporation, and Aeronautical Accessories, Inc., a foreign corporation, Defendants and Appellees.

No. 890414.

Supreme Court of Utah.

March 23, 1990.

Ken Chamberlain, Richfield, for plaintiffs and appellants.

James P. Cowley, Dennis J. Conroy, Salt Lake City, for Utah Farm Bureau Federation.

Ray R. Christensen, Phillip S. Ferguson, Salt Lake City, for Aeronautical Accessories, Inc.

Keith E. Taylor, Kent O. Roche, Salt Lake City; for Kennecott Corp.

Howard Chuntz, Provo, for Kristen Foster.

Kevin McBride, Salt Lake City, for Aagaire.

Scott W. Christensen, Salt Lake City, for Skynights.

PER CURIAM:

This matter is before the Court on plaintiffs Stecks' motion for summary disposition under rule 10, Rules of App.Proc. We decline to act on the motion and, instead, dismiss the matter on the Court's own motion, as the judgment appealed is not a final judgment and this Court lacks jurisdiction.

This case consists of three wrongful death cases consolidated at the district court. Plaintiffs in each case are the heirs of the passengers or pilot of a helicopter, all of whom died when the helicopter struck high voltage power lines on the rim of the Kennecott Copper open pit mine and crashed. The heirs of Patsy and Wendell Heaton, passengers in the helicopter, have appealed here from summary judgment entered in favor of defendant Utah Farm Bureau Federation. That judgment concluded all claims of the Heaton heirs because they had settled with other defendants. In another of the consolidated cases, the claims of the heirs of passenger Dr. Richard L. Chase have likewise been concluded by settlement. However, claims in the third consolidated case, brought by

the heirs of the pilot of the helicopter, Robert Clyde Foster, remain pending in the district court. The summary judgment appealed has not been certified as a final judgment pursuant to Utah Rule of Civil Procedure 54(b).

This Court has not previously determined whether a judgment which disposes of less than all of several consolidated cases constitutes a final judgment for purposes of appellate jurisdiction. Utah Farm Bureau Federation, in responding to appellants' motion for summary disposition, points out that there have been at least three approaches to the issue taken by other jurisdictions. We adopt the rationale of the Ninth Circuit Court of Appeals in *Huene v. United States*, 743 F.2d 703 (9th Cir.1984). In that case, the court said:

> In our view, the best approach is to permit the appeal only when there is a final judgment that resolves all of the consolidated actions unless a 54(b) certification is entered by the district court. This leaves the discretion with the court which is best able to evaluate the affect [sic] of an interim appeal on the parties and on the expeditious resolution of the entire action.

743 F.2d at 705.[1]

Because the judgment appealed does not dispose of all claims of all parties in the consolidated case, it does not constitute a final judgment, and this court has no jurisdiction to review it. The appeal is therefore dismissed.

---

1. *See also Trinity Broadcasting Corp. v. Eller,* 827 F.2d 673, (10th Cir.1987); *Currington v. Johnson,* 685 P.2d 73, 77–78 (Alaska 1984); *State v. District Court of Second Judicial Dist.,* 387 P.2d 550, 552–53 (Wyo.1963).