**Steven LUNDBLAD, Plaintiff–Appellee, Cross–Appellant,**

**v.**

**Richard F. CELESTE, Dorothy Shoemaker, William Napier and Donald Olson, in their official capacities, Defendants–Appellants, Cross–Appellees,**

**Ohio Department of Natural Resources, Ronald James, Deputy Director, Defendants.**

**Nos. 87–3651, 87–3689.**

United States Court of Appeals, Sixth Circuit.

Reargued Dec. 5, 1990.

Decided Jan. 31, 1991.

E. Dennis Muchnicki, Asst. Atty. Gen. (argued), Columbus, Ohio, for defendants-appellants, cross-appellees.

Jeffrey Decile (argued), James Ayers' Law Office, Columbus, Ohio, for plaintiff-appellee, cross-appellant.

Before MERRITT, Chief Judge, KEITH, KENNEDY, MARTIN, JONES, KRUPANSKY, MILBURN, GUY, NELSON, RYAN, BOGGS, NORRIS and SUHRHEINRICH, Circuit Judges, and WELLFORD *, Senior Circuit Judge.

MERRITT, Chief Judge.

The Court, having granted rehearing and sitting en banc, has reconsidered and now modifies Part II A of the opinion heretofore published in this case, *Lundblad v. Celeste*, 874 F.2d 1097, 1100–01 (1989). In that Part of the opinion, the panel decision held that the defendant public officials were not entitled to a qualified immunity from damages under *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), insofar as the complaint alleged that the defendants deprived plaintiff of equal protection by causing the State of Ohio on partisan political grounds to refuse to award plaintiff a bid to operate a golf course at a state park. We now hold that under the doctrine of qualified immunity the defendant officials are shielded from the payment of civil damages on plaintiff's equal protection claim. We therefore reinstate the opinion heretofore filed, except for Part II A which we vacate and Part V which we modify by reversing the District Court's judgment on the plaintiff's equal protection claim.

■ The doctrine of qualified immunity, as defined in *Harlow, supra* at 818, 102 S.Ct. at 2738, shields officials "from liability for civil damages insofar as their conduct does not violate *clearly established statutory or constitutional rights* of which a reasonable person would have known." (Emphasis added.) The basic reason for the principle is that "an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." *Id.*

■ We conclude that no legal principles developed under the *Equal Protection Clause* "clearly establish" that state officials may not award public contracts on the basis of partisan politics or party affiliation. In *Rutan v. Republican Party of Illinois*, —— U.S. ——, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990), *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), and *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), the Supreme Court has developed principles under the *First Amendment* prohibiting the hiring and firing of employees on a partisan political basis, but the Court has not developed such principles under the Equal Protection Clause, nor has it extended these First Amendment principles to the area of public contracts. It has not decided a case holding that the award of public contracts on the basis of political patronage violates either equal protection or the First Amendment. Thus there is no law developed in the Supreme Court that could be said to "clearly establish" the principle of equal protection proposed by the plaintiff in this case.

The only case we have found from this Court that could be argued "to clearly establish" such a proposition under equal protection is *Glicker v. Michigan Liquor Control Comm'n*, 160 F.2d 96 (1947), the case relied on in our previous panel decision in this case. In *Glicker*, we held, in reviewing a motion to dismiss for failure to state a claim, that state revocation of an existing state liquor license for partisan political reasons may violate equal protection. The case does not rule on whether the refusal to award a public contract for similar reasons would constitute a violation, and we have discovered no case in this or another court of appeals holding that awards of public contracts on a partisan political basis violates the Equal Protection Clause. In the absence of such authority, a public official could not "know that the law forbade [such] conduct." Thus the law was not clearly established on the issue, and the doctrine of official immunity shields the defendants from civil damages.

* The Honorable Harry W. Wellford assumed sen- ior status January 21, 1991.

Accordingly, the opinion of the Court in *Lundblad v. Celeste* is reinstated except for Part II A which is vacated and Part V which is modified so as to reverse the District Court judgment denying the defendants' defense of qualified immunity on plaintiff's equal protection claim. The result of our en banc judgment, therefore, is to REVERSE the judgment of the District Court with respect to plaintiff's Equal Protection, First Amendment and Due Process claims and AFFIRM the judgment of the District Court in dismissing on statute of limitations grounds the plaintiff's claim against the defendant James.

RYAN, Circuit Judge, concurring in part and dissenting in part.

I concur in the court's opinion, except for parts II–C and IV of the reinstated portion of the panel opinion. As to those parts, I dissent for the reasons stated in my dissenting opinion in *Lundblad v. Celeste*, 874 F.2d 1097, 1100 (6th Cir.1989).