122 P.3d 803

Howard K. LESLIE, Jr., Plaintiff–Appellant,

and

Leimomi Leslie Fresch, individually, and as next friend for Howard K. Leslie, Jr., and Howard K. Leslie, Sr., Plaintiffs–Appellees,

v.

The ESTATE OF Jamie K. TAVARES, Deceased, Defendant–Appellee,

and

John Does 1–10; Jane Does 1–10; Doe Partnerships 1–10; Doe Corporations 1–10; and Doe Entities 1–10, Defendants.

State of Hawai'i, Department of Human Services, Lien Holder–Appellee,

and

Joseph L. Wildman and Sibilla & Wildman, Intervenors–Appellees.

Howard K. Leslie, Jr., Megan Leslie and Malyssa Leslie, minors, through their Guardian Ad Litem Marlene L. Anduha, Plaintiffs–Appellants,

v.

Jeffrey K. Kanui, personal representative of The Estate of Jamie K. Tavares, Defendant–Appellee,

and

John Does 1–10; Jane Does 1–10; Doe Partnerships 1–10; Doe Corporations 1–10; and Doe Entities 1–10, Defendants.

Jeffrey K. Kanui, personal representative of The Estate of Jamie K. Tavares, Third–Party Plaintiff

v.

Leimomi L. Fresch and Howard K. Leslie, Sr., Third–Party Defendants.

No. 24553.

Supreme Court of Hawai'i.

Nov. 10, 2005.

Reconsideration Granted in Part and Denied in Part Nov. 28, 2005.

Frederic W. Rohlfing III and Lorrie Lee Stone, Honolulu, of Rohlfing & Stone, on the briefs, for the plaintiff-appellant Howard K. Leslie, Jr.

Cynthia A. Farias, on the briefs, for the plaintiffs-appellants Megan and Malyssa Leslie.

Milton S. Tani, Honolulu, of Matsui Chung Sumida & Tsuchiyama, on the briefs, for the defendant-appellee/third-party plaintiff Jeffrey K. Kanui.

Jeffrey S. Portnoy, Honolulu, of Cades Schutte Fleming & Wright, on the briefs, for the intervenors-appellees Joseph L. Wildman and Sibilla & Wildman.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by LEVINSON, J.

In this consolidated appeal (Nos. 24553 and 24746), the plaintiffs-appellants Howard K. Leslie, Jr., Megan Leslie, and Malyssa Leslie [hereinafter, collectively, "the Appellants"] appeal from the following judgment and orders entered by the circuit court of the first circuit, the Honorable Eden Elizabeth Hifo presiding: (1) the November 9, 2001 judgment; (2) the "findings of fact [ (FOFs) ], conclusions of law [ (COLs) ], and order" filed August 22, 2001; (3) the February 26, 2001 order granting Leslie, Jr.'s January 17, 2001 motion to compel and for conditional sanctions; (4) the circuit court's January 8, 2001 order granting the November 15, 2000 motion to intervene submitted by the interve-

nor-appellees, attorney Joseph L. Wildman and law firm Sibilla & Wildman [hereinafter, collectively, "the Intervenors"]; and (5) the January 12, 2001 order denying Leslie, Jr.'s November 15, 2000 motion for approval and confirmation of settlement.

On appeal, the Appellants contend that the circuit court erred in: (1) granting Wildman and Sibilla & Wildman leave to intervene in the fairness hearing of February 27 and 28, 2001 [hereinafter, "the fairness hearing"], "because there are no common questions of law or fact between any claimed 'defense' of [the] Intervenors and the fairness hearing" and "because that, in effect, allowed them to carry [the plaintiff-appellee/third-party defendant Leimomi Leslie] Fresch's burden of proof"; (2) finding that the settlement proceeds were fairly allocated; (3) entering judgment against Leslie, Jr. in favor of parties against whom Leslie, Jr. had no claims and in favor of the defendant-appellee Estate of Jamie K. Tavares, against whom Leslie, Jr.'s claims had not been adjudicated; (4) entering judgment against Megan and Malyssa inasmuch as their claims in Civ. No. 98–5468 had never been adjudicated; (5) finding that Megan and Malyssa were in foster care when Leslie, Jr. was injured; and (6) finding that Leslie, Jr. controls Megan's and Malyssa's funds.

We agree with the Appellants insofar as the circuit court's November 9, 2001 judgment prematurely disposed of Civ. No. 98–5468. Consequently, we lack jurisdiction to address the remaining points of error at this time. Accordingly, we remand this matter to the circuit court for further proceedings, with instructions to (1) vacate the November 9, 2001 judgment and (2) reinstate Civ. No. 98–5468.

## I. BACKGROUND

This case arose out of a motor vehicle accident that occurred on December 22, 1996, involving Leslie, Jr. and Tavares. The accident killed Tavares and severely injured Leslie, Jr., placing him in a coma for approximately two months. On February 3, 1997, through the Intervenors, Fresch and the plaintiff-appellee/third-party defendant Howard K. Leslie, Sr. (Leslie, Jr.'s parents) sued Tavares's estate for damages. Fresch sued as Leslie, Jr.'s next friend as well as in her individual capacity.

On June 2 and 10, and July 8, 1997, after Leslie, Jr. regained consciousness, he and his parents signed settlement agreements that provided for payouts totaling $320,000. On July 18, 1997, Fresch and Leslie, Sr. voluntarily dismissed Civ. No. 97–0448 with prejudice. On April 1, 1998, Leslie, Jr. moved to vacate the dismissal, reopen the action, and rescind the settlement, on the grounds, *inter alia,* that the settlement distribution was unfair to Leslie, Jr. as a ward of the court.

On May 13, 1998, the circuit court denied the motion. On July 10, 1998, Leslie, Jr. timely filed a notice of appeal to this court. In a published opinion filed on August 31, 1999, we held that

> [a]bsent an order from the trial court removing the next friend, the represented party remains presumptively incompetent for purposes of the litigation.
>
> . . . .
>
> . . . It is unclear whether [Fresch] meant to [sign and approve the settlement] in her capacity as next friend or merely in her capacity as coplaintiff. Assuming, *arguendo,* that Fresch *did* purport to execute the agreements in her capacity as Leslie's next friend . . . her "authorization" was insufficient to validate the agreements with regard to Leslie[, Jr.] in the absence of the circuit court's approval.

*Leslie v. Estate of Tavares* [hereinafter, "*Leslie I*"], 91 Hawai'i 394, 401–02, 984 P.2d 1220, 1227–28 (1999) (emphasis in original). Accordingly, we ordered as follows:

> [W]e vacate the circuit court's order . . . and remand for further proceedings, consistent with this opinion, concerning the fairness of the apportionment. Fresch, as Leslie[, Jr.]'s next friend, will bear the burden of demonstrating to the circuit court that the apportionment was fair to Leslie[, Jr].

91 Hawai'i at 405, 984 P.2d at 1231.

On December 22, 1998, while *Leslie I* was pending on appeal, Leslie, Jr. and his minor daughters Megan and Malyssa, by their

guardian *ad litem* (and mother) Marlene L. Anduha, filed Civ. No. 98–5468, another negligence action arising out of the same automobile accident, against Tavares [1] and various unidentified "Doe" parties.

On June 27, 2000, on motion by Tavares's estate, the circuit court consolidated Civ. No. 98–5468 with the recently remanded Civ. No. 97–0448, pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 42(a).[2] The circuit court did not expressly circumscribe the duration or effect of the consolidation. On November 15, 2000, the Intervenors moved to intervene "for the limited purpose of participating in the Fairness Hearing and advocating in favor of the fairness of the initial apportionment of the settlement proceeds." On January 8, 2001, the circuit court granted the motion.

On February 27 and 28, 2001, the circuit court conducted the fairness hearing. Fresch did not appear. On August 22, 2001, the circuit court (1) entered FOFs and COLs, (2) ordered, pursuant thereto, "[t]hat no reallocation of the settlement funds is warranted," and (3) "affirm[ed] the allocation as fair and equitable as to each of the claimants, including ... Leslie[,] Jr." On September 19, 2001, Leslie, Jr. timely filed a notice of appeal, which initiated No. 24553. On November 9, 2001, the circuit court entered a judgment "in favor of [the][d]efendant[-appellee] Jeff[rey K.] Kanui as Personal Representative for the Estate of ... Tavares[,][the] Intervenors, ... Leslie[,] Sr., [and] ... Fresch; and against ... Leslie, Jr., Megan ... and Malyssa ... as to all claims asserted in the above-captioned action." On December 6, 2001, the Appellants timely appealed from that judgment, thereby initiating No. 24746. On February 22, 2002, this court consolidated Nos. 24553 and 24746 under No. 24553.

1. On April 17, 2000, by stipulation among the defendant-appellee Jeffrey K. Kanui, who is the personal representative of Tavares's estate, and the plaintiffs in Civ. No. 98–5468, Kanui was substituted as the party defendant for the decedent Tavares.

2. HRCP Rule 42(a) provides:
 When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may

## II. STANDARDS OF REVIEW

### A. Conclusions of Law [3]

 Hawai'i appellate courts review conclusions of law de novo, under the right/wrong standard. "Under the right/wrong standard, this court 'examine[s] the facts and answer[s] the question without being required to give any weight to the trial court's answer to it.'"

*Leslie I*, 91 Hawai'i at 399, 984 P.2d at 1225 (quoting *Robert's Hawaii Sch. Bus, Inc. v. Laupahoehoe Transp. Co.*, 91 Hawai'i 224, 239, 982 P.2d 853, 868 (1999)) (internal citations omitted) (brackets in original).

### B. Jurisdiction

 [I]t is axiomatic that we are "under an obligation to ensure that [we have] jurisdiction to hear and determine each case and to dismiss an appeal on [our] own motion where [we] conclude [we] lack[ ] jurisdiction." *BDM, Inc. v. Sageco, Inc.*, 57 Haw. 73, 73, 549 P.2d 1147, 1148 (1976). "When we perceive a jurisdictional defect in an appeal, we must, *sua sponte*, dismiss that appeal." *Familian N[.W.], Inc. v. Cent[.] Pac. Boiler & Piping, Ltd.*, 68 Haw. 368, 369, 714 P.2d 936, 937 (1986)....

*Bacon v. Karlin*, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986).

## III. DISCUSSION

### A. The Circuit Court Erred In Entering Judgment Against Leslie, Jr., Megan, And Malyssa, And In Favor Of Kanui, Fresch, Leslie, Sr., And The Intervenors, Inasmuch As Civ. No. 98–5468 Was Not Adjudicated On The Merits.

 We will first address the Appellants' fifth and sixth points of error, because their

order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

3. The "Standards of Review" section of the Appellants' opening brief does not comply with Hawai'i Rules of Appellate Procedure Rule 28(b)(5). The Appellants do not propose any standard(s) of review applicable to their points of error Nos. 5 and 6.

resolution gives rise to a threshold jurisdictional question.

The Appellants argue that the circuit court should not have entered judgment in favor of Kanui, the Intervenors, Leslie, Sr., and Fresch and against Leslie, Jr., Megan, and Malyssa, inasmuch as (1) Leslie, Jr., Leslie, Sr., Fresch, and the Intervenors had never asserted any claims against each other, and (2) the circuit court never adjudicated Leslie, Jr.'s, Megan's, and Malyssa's claims on the merits.

The Intervenors answer that entry of judgment may have been "procedurally incorrect," but was no more than harmless error. The Intervenors argue that "[a]t most, this [c]ourt should vacate the judgment, leave the F[O]Fs/C[O]Ls undisturbed, and remand with instructions . . . to enter dismissal of Leslie[,] Jr.'s claims against [Kanui]."

The Appellants reply that the error was not harmless because it affects the merits of Megan's and Malyssa's claims, which "have not yet been adjudicated in any manner."

We agree with the Appellants that the circuit court's premature judgment in Civ. No. 98–5468 did not constitute "harmless error." Leslie, Jr., Megan, and Malyssa have the right to have their claims in Civ. No. 98–5468 adjudicated on the merits. Megan and Malyssa participated in the fairness hearing through counsel, but, as the circuit court stated, this was an exercise of their rights as parties to the consolidated case, and did not extinguish the children's own claims. Moreover, Fresch's and Leslie, Sr.'s preconsolidation dismissal of Civ. No. 97–0448, absent agreement among the parties, did not bar Leslie, Jr.'s later suit from commencing and running its course. In sum, the circuit court's November 9, 2001 judgment is premature to the extent that it purports to dispose of Civ. No. 98–5468.

Accordingly, we remand this matter to the circuit court for further proceedings with instructions to vacate the November 9, 2001 judgment and to reinstate Leslie, Jr.'s, Megan's, and Malyssa's claims in Civ. No. 98–5468.

B. *Appeal From Civ. No. 97–0448 Is Premature; Therefore, This Court Lacks Jurisdiction Over The Remaining Issues On Appeal*

■ Because we vacate the circuit court's November 9, 2001 judgment and reinstate Civ. No. 98–5468, we lack jurisdiction to decide the remaining issues on appeal from Civ. No. 97–0448.

The circuit court's August 22, 2001 order disposed of one and only one of the two underlying cases that the circuit court consolidated. The circuit court designated neither its August 22, 2001 order nor its November 9, 2001 judgment as final pursuant to HRCP Rule 54(b) (2000).[4] Consequently, the remaining points of error arise out of a consolidated case that is still pending. Whether these circumstances deprive this court of appellate jurisdiction[5] constitutes a question of first impression in this state. Put differently, the question is whether consolidation for convenience pursuant to HRCP Rule 42(a) also causes the cases to merge into one for purposes of determining finality of judgment.

Federal Rules of Civil Procedure (FRCP) Rules 42(a) and 54(b) are facially identical to their Hawai'i counterparts, but the federal circuits are trifurcated in their interpretations of those rules. The United States

---

4. HRCP Rule 54(b) provides in relevant part:

When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express ·direction for the entry of judgment. In the absence of such determination and direction, any . . . form of decision . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not

terminate the action as to any of the claims or parties. . . .

5. *See* Hawai'i Revised Statutes (HRS) § 641–1(a) (1993), which provides in relevant part that "[a]ppeals shall be allowed in civil matters from all *final* . . . orders . . . of circuit . . . courts . . . to the supreme court, . . . except as otherwise provided by law. . . ." (Emphasis added.) On July 10, 2004, the Legislature amended HRS § 641–1(a). 2004 Haw. Sess. L. Act 202, § 66, at 943. Effective July 1, 2006, this amendment has no bearing upon the present matter. *See id.* § 85, at 948.

Courts of Appeals for the Ninth, Tenth, and Federal Circuits have established the bright-line rule that a judgment disposing of fewer than all claims and parties in a consolidated action is, *per se*, not appealable without Rule 54(b) certification. *Huene v. United States*, 743 F.2d 703, 705 (9th Cir.1984); *Trinity Broad. Corp. v. Eller*, 827 F.2d 673, 675 (10th Cir.1987); *Spraytex, Inc. v. DJS & T*, 96 F.3d 1377, 1382 (Fed.Cir.1996); *see also Dixon v. AM Gen. Corp.*, 454 A.2d 1357, 1359–1360 (D.C.1983); *Steck v. Aagaire*, 789 P.2d 708, 709 (Utah 1990); *State ex rel. Pac. Intermountain Express v. Dist. Court of Second Judicial Dist.*, 387 P.2d 550, 552 (Wyo. 1963) ("It is conceivable that there would be exceptional circumstances which might influence the trial court to certify that there was no cause for delay in entering the final judgment and thus permit an appeal, but the propriety of such an arrangement can best be determined by the court which tried the case."). The *Huene* court reasoned:

> The [trial] court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause. An appeal prior to the conclusion of the entire action could well frustrate the purpose for which the cases were originally consolidated. Not only could it complicate matters in the [trial] court but it also could cause an unnecessary duplication of efforts in the appellate court.

743 F.2d at 704 (citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2386 (1983)).

The First and Sixth Circuits permit separate appeals. In *In re Mass. Helicopter Airlines, Inc.*, 469 F.2d 439 (1st Cir.1972), the United States Court of Appeals for the First Circuit performed a "literal reading of Rule 54(b) in conjunction with [FRCP] Rules 2 and 3."[6] *Id.* at 441. Because the five consolidated actions in that case had all been filed separately, the court held that they

retained "separate identities." *Id.* The court also stated that its "construction of the [FRCP] is reinforced ... when the theory behind consolidation of actions is examined. 'Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause....'" *Id.* (quoting *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 77 L.Ed. 1331 (1933)).

The Sixth Circuit similarly concluded, in *Beil v. Lakewood Eng. & Mfg. Co.*, 15 F.3d 546 (6th Cir.1994), that " '[i]nasmuch as the consolidation of both actions below did not merge the suits into a single cause, it is beyond p[er]adventure ... that the trial court's decision ... terminating [plaintiff's] action is a final appealable order not requiring further certification.'" *Id.* at 551 (quoting *Lundblad v. Celeste*, 874 F.2d 1097, 1103 (6th Cir.1989), *modified on other grounds*, 924 F.2d 627, 629 (6th Cir.1991)).

The remaining federal circuits apply case-by-case tests. *Hageman v. City Inv. Co.*, 851 F.2d 69, 71 (2d Cir.1988); *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 148 (3d Cir.2003); *Eggers v. Clinchfield Coal Co.*, 11 F.3d 35, 39 (4th Cir.1993); *Rd. Sprinkler Fitters v. Cont'l Sprinkler*, 967 F.2d 145, 152 (5th Cir.1992); *Brown v. United States*, 976 F.2d 1104, 1107 (7th Cir.1992); *Tri–State Hotels, Inc. v. Fed. Deposit Ins. Corp.*, 79 F.3d 707, 711 (8th Cir.1996); *Lewis Charters, Inc. v. Huckins Yacht Corp.*, 871 F.2d 1046, 1048–49 (11th Cir.1989); *United States ex rel. Hampton v. Columbia/HCA*, 318 F.3d 214, 217 (D.C.Cir.2003)); *see also Gissel v. Kenmare Tp.*, 463 N.W.2d 668, 671 (N.D.1990) ("[W]e ... consider the extent and purpose of the consolidation and the relationship of the consolidated actions....").

█ For the following reasons, we adopt the *"per se"* rule of the Ninth, Tenth, and Federal Circuits, whereby a judgment or order in a consolidated case, disposing of fewer than all claims among all parties, is not appealable in the absence of Rule 54(b) certification. Flaws inherent in the other two ap-

---

**6.** FRCP Rule 2 provides: "There shall be one form of action to be known as 'civil action.'" FRCP Rule 3 provides: "A civil action is com-

menced by filing a complaint with the court." The corresponding Hawai'i rules are textually identical.

proaches are uncertainty for the litigants and the inefficiency of piecemeal review. *See Spraytex, Inc.,* 96 F.3d at 1382. We are persuaded by *Huene's* criticism of the case-by-case method:

> This has the disadvantage of leaving the finality of the judgment hazy and subject to varying interpretations. In our opinion, it is essential that the point at which a judgment is final be crystal clear because appellate rights depend upon it. The opportunity to appeal could be lost by a mistaken belief that the judgment is not final and a consequent failure to file timely a notice of appeal. On the other hand, uncertainty as to the finality of the judgment could lead to the premature filing of a notice of appeal with the consequent waste of time and resources. A second disadvantage of this approach is that the right to decide whether an appeal is appropriate is taken from the [trial] court that made the original decision to consolidate. That court is best able to assess the original purpose of the consolidation and whether an interim appeal would frustrate that purpose.

743 F.2d at 704. Even as the Third Circuit reaffirmed the case-by-case rule in *Bergman v. City of Atlantic City,* 860 F.2d 560 (3d Cir.1988), it observed that "[n]o well-counseled plaintiff in th[e] circuits [that categorically permit separate appeals] would ever join separate claims in a single complaint; he should instead file a separate complaint for each claim and then have them consolidated." *Id.* at 565 n. 9.

The rule adopted by the First and Sixth Circuits does have the virtue of definitiveness, but a partial appeal under this regime has the potential to unfairly impact the matter(s) remaining below. *See generally* Joan Steinman, *The Effects of Case Consolidation on the Procedural Rights of Litigants,* 42 UCLA L.Rev. 717, 795 nn. 252–53, 797 & nn. 261–62 (1994–95) ("[A]ppellate decisions [under this approach] are likely to have at least stare decisis effect and may have collateral estoppel or res judicata effects ... in the remaining consolidated cases.") (citing Jacqueline Gerson, Comment, *The Appealability of Partial Judgments in Consolidated Cases,* 57 U. Chi. L.Rev. 169 (1990)).

Moreover, even the "case-by-case" jurisdictions generally require "certification unless the consolidation was for limited purposes." *Spraytex, Inc.,* 96 F.3d at 1381; *Hageman,* 851 F.2d at 71 ("There is a strong presumption that the judgment is not appealable absent Rule 54(b) certification. In highly unusual circumstances, a litigant may be able to overcome this presumption...."). In the present matter, the circuit court apparently consolidated the cases for all purposes.

Accordingly, we dismiss the present appeal as to the Appellants' remaining points of error for want of appellate jurisdiction.

## IV. *CONCLUSION*

In light of the foregoing analysis, we remand this matter to the circuit court for further proceedings with instructions to vacate the November 9, 2001 judgment and reinstate Civ. No. 98–5468.

