**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-16968 |
| Plaintiff - Appellee, | D.C. No. 4:31-cv-00061-SRB |
| SAN CARLOS APACHE TRIBE OF ARIZONA; GILA RIVER INDIAN COMMUNITY, | MEMORANDUM[*] |
| Intervenor-Plaintiffs - Appellees, | |
| and | |
| SAN CARLOS IRRIGATION AND DRAINAGE DISTRICT, | |
| Intervenor-Plaintiff, | |
| v. | |
| SUNSET DITCH COMPANY, | |
| Defendant, | |
| and | |
| FREEPORT MCMORAN CORPORATION, | |

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted December 5, 2011
San Francisco, California

Before: SCHROEDER, O'SCANNLAIN, and BERZON, Circuit Judges.

This is a protective appeal by Freeport McMoRan Corp. ("Freeport") from the district court's interlocutory order in a proceeding to adjudicate Freeport's applications to sever water rights from their appurtenant lands, and transfer those rights to other lands. The 2007 settlement of claims concerning the unauthorized pumping of water in the Upper Valley of the Gila River permitted the defendant water users to file such "sever-and-transfer" applications within a limited time period. The district court separated the Freeport applications from those of the other Upper Valley applicants, consolidating Freeport's applications in a subproceeding on a new docket.

When this appeal was filed, the district court had decided only 10 of the 59 Freeport applications. Freeport contends there is no appellate jurisdiction to hear any part of its protective appeal. We agree.

2

Freeport challenges the district court's order denying, on the merits, those 10 applications. The district court held that Freeport had not satisfied its *prima facie* burden of showing that the proposed transfers would result in no injury to other water rights users. The district court's order is not final for purposes of 28 U.S.C. § 1291, because it deals with only 10 of the applications and thus "do[es] not resolve all of the issues in the post-judgment proceeding." *Cordoza v. Pacific States Steel Corp.*, 320 F.3d 989, 996 (9th Cir. 2003). The district court still must resolve issues related to Freeport's other applications, as well as issues related to other applicants. The district court therefore denied the Gila River Indian Community's request for certification under Fed. R. Civ. P. 54(b). *See Huene v. United States*, 743 F.2d 703, 705 (9th Cir. 1984). At this stage, however, there is no jurisdiction under 28 U.S.C. § 1291 for us to review this order. The order also does not relate to injunctive relief, so jurisdiction is also lacking under 28 U.S.C. § 1292(a)(1).

For similar reasons, we lack jurisdiction to review the district court's order denying Freeport's attempt to correct facial deficiencies in its sever-and-transfer applications by filing amended papers with the district court. The order is neither a partial nor a final judgment.

The Gila River Indian Community argues there is appellate jurisdiction to review the abandonment ruling, because that ruling extinguished water rights specifically identified in the Globe Equity Decree, and therefore modifies an injunction within the meaning of § 1292(a)(1). The decree was an adjudication of rights and not entirely injunctive in nature. The ruling appealed here does not appear to relate to an injunctive aspect of the decree, and even if it did, it would not come within § 1292(a)(1)'s grant of appellate jurisdiction. *See Carson v. American Brands*, 450 U.S. 79, 84 (1981); *Thompson v. Enomoto*, 815 F.2d 1323, 1327 (9th Cir. 1987). To fall within § 1292(a)(1), an order purporting to modify a consent decree would need to have the "practical effect of [modifying] an injunction"; have "serious, perhaps irreparable consequence[s]" to the appellant; and "be effectually challenged only by immediate appeal." *Carson*, 450 U.S. at 84 (internal quotation marks omitted). Like the order appealed in *Thompson*, the abandonment ruling here did not modify the decree. It was "implicitly contemplate[d]" by the underlying consent decree. 815 F.2d at 1327. The Globe Equity Decree provides that decreed water-rights owners may, subject to certain limitations, "change the point of diversion . . . so far as they may do so without injury to the rights of other parties." Article XI. The party filing a sever-and-transfer application must show it has a "right to transfer." Change-in-Use Rule § 4(B). The abandonment ruling,

4

therefore, bears on whether Freeport has a right to transfer the water rights in dispute. The district court's ruling, like the order in *Thompson*, was "pursuant to, and not a modification of, the original consent decree." *Thompson*, 815 F.2d at 1327. It therefore fails the first *Carson* factor. *Id.* The abandonment ruling, moreover, can be effectually challenged at a later stage of the litigation, after the district court decides the remaining sever-and-transfer applications, so it fails the third factor as well.

**DISMISSED**.