FILED

NOT FOR PUBLICATION

FEB 13 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOANENICE SHIELDS,

            Plaintiff - Appellant,

    v.

FRONTIER TECHNOLOGY LLC, d/b/a
MicroAge LLC; et al.,

            Defendants - Appellees.

No. 12-16553

D.C. No. 2:11-cv-01159-SRB

MEMORANDUM*
and
ORDER

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted January 13, 2015**

Before: LEAVY, GRABER, and OWENS, Circuit Judges.

    Joanenice Shields appeals pro se from the district court's judgment in her

two consolidated employment actions, alleging racial discrimination and retaliation

in violation of Title VII and 42 U.S.C. § 1981, and conspiracy in violation of the

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Racketeer Influenced and Corrupt Organizations Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Shields argues that the district court erred by dismissing all of her claims against her former employer, Insight Direct USA, Inc., and Insight's executives and employees. However, the district court did not clearly err in finding that Shields signed an arbitration agreement in connection with her employment at Insight,[1] and the district court did not err in determining that, pursuant to that agreement, all of Shields' claims against Insight and its employees must be submitted to arbitration. *See Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 917 (9th Cir. 2011). Shields' contentions that the arbitration agreement was unconscionable, violated public policy, and deprived her of her constitutional rights were waived both because they are bare assertions with no supporting argument in Shields' opening brief, *see Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1079 n.26 (9th Cir. 2008) (en banc), and because they were not timely raised below, *see GoPets Ltd. v. Hise*, 657 F.3d 1024, 1033 (9th Cir. 2011).

Shields argues that the district court erred by granting summary judgment as

---

[1] At the evidentiary hearing to determine the authenticity of Shields' signature, the district court did not abuse its discretion by admitting the sworn testimony of an expert forensic document examiner. Contrary to Shields' argument, expert disclosures and reports are required only as to experts whom a party "may use at trial." Fed. R. Civ. P. 26(a)(2)(A)-(B).

to her claims against a prospective employer, Frontier Technology, LLC ("MicroAge"). However, because Shields failed to produce specific and substantial evidence that MicroAge's nondiscriminatory reason for its decision not to hire her was pretextual, the district court properly granted MicroAge's summary judgment motion. *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1113 (9th Cir. 2011); *Correa v. Nampa Sch. Dist. No. 131*, 645 F.2d 814, 816 (9th Cir. 1981). Shields' contention that the district court abused its discretion at the summary judgment stage by considering a declaration submitted by MicroAge's vice president of sales is unpersuasive because declarations may be used to support summary judgment motions, Fed. R. Civ. P. 56(c), and the declaration did not contain hearsay where the vice president of sales referred to statements made by other MicroAge employees not for the truth of those statements but to explain her reason for not hiring Shields, Fed. R. Evid. 801(c).

Shields also appealed from the district court's order dismissing her claims against Insight's outside counsel, but she makes no argument whatsoever that the dismissal of those claims was error. Accordingly, any such argument has been waived. *United States v. Osinger*, 753 F.3d 939, 943 n.3 (9th Cir. 2014). To be clear, Shields is not entitled to continue litigating or separately appeal from those claims or any others set forth in her second lawsuit below. The district court

3

properly exercised its "broad discretion to order consolidation" of Shields' two lawsuits based on their common issues of law and fact, and "consolidated actions do not lose their separate identity" on appeal. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *see also* Fed. R. Civ. P. 42(a); Fed. R. App. P. 12. Therefore, Shields' motion to docket her consolidated actions as separate appeals is denied.

We also deny, as frivolous and moot, Shields' motion for reconsideration of this court's December 11, 2012 order.

**AFFIRMED.**