**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIGHT HARRY, | No.   19-15013 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-02385-HSG |
| v. | |
| KCG AMERICAS LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted May 6, 2020[**]

Before:    BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Bright Harry appeals pro se from the district court's judgment dismissing for

lack of standing his action alleging claims under the Commodity Exchange Act, 7

U.S.C. §§ 1 *et seq.* ("CEA") and state law.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Fleck and Assocs., Inc. v. City of Phoenix*, 471 F.3d

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1100, 1103 (9th Cir. 2006). We affirm.

The district court properly dismissed Harry's action for lack of standing because Harry failed to allege he suffered any injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (holding that to demonstrate standing a plaintiff must allege he has suffered an "injury in fact" that is "concrete and particularized"); *see also Davis v. Yageo Corp.*, 481 F.3d 661, 678 (9th Cir. 2007) ("[W]hether or not [plaintiff] was the real-party-in-interest, it does not have standing, and it cannot cure its standing problem through an invocation of Fed. R. Civ. P. 17(a).").

The district court did not abuse its discretion by denying Harry's motion to consolidate. *See Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (setting forth the standard of review); *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) (setting forth the factors a district court should weigh in a motion for consolidation).

The district court did not abuse its discretion by denying Harry's motion to stay the case because Harry failed to demonstrate he would experience any inequity absent the stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1105, 1110 (9th Cir. 2005) (setting forth standard of review and factors that a district court must weigh when granting or denying a stay).

We do not consider matters not specifically and distinctly raised and argued

19-15013

in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Harry's request to file a supplemental opening brief (Docket Entry No. 45) is granted.  The supplemental brief has been filed at Docket Entry No. 45.

**AFFIRMED.**

FILED

MAY 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Harry v. KCG Americas LLC, et al., No. 19-15013

BERZON, Circuit Judge, concurring:

I would hold that Harry has standing to pursue this case, but that the statute of limitations had run before suit was filed.

19-15013